IN THE

# DISTRICT COURT

FOR THE

# CITY AND COUNTY OF PHILADELPHIA.

1840.

## BEVAN ET AL. v. ELDRIDGE.

January 4, 1840.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

An endorser on a promissory note cannot be sued on and before the full expiration of the last day of grace, although the note has been protested for non-payment at the close of the usual bank hours, (it having been deposited for collection,) and before the writ was issued.

THIS was an action brought to Dec. term, 1839, No. 448, by Bevan and Humphreys, against Joseph M. Eldridge, on the defendant's endorsement of the following notes, of which plaintiff filed a copy, viz. :

"$2111. 48

Philadelphia, May 23d, 1839.

Six months after date, I promise to pay to the order of Joseph

30*

[Bevan et al. v. Eldridge.]

M. Eldridge, twenty-one hundred and eleven dollars, 48 cents, without defalcation, for value received.

BENJAMIN ELDRIDGE.

(Endorsed)          JOSEPH M. ELDRIDGE,
                        Pr. BENJ. ELDRIDGE, Attorney,
                   BEVAN & HUMPHREYS,
                   JOHN MCCREA."

The defendant filed an affidavit of defence, setting forth in substance, that " the note upon which the suit is brought, was not due until the 26th day of November last, upon which day the writ was issued in this suit, and the defendant actually arrested thereon before dark, upon *the same day.*  And the defendant has been informed, and believes and expects to be able to prove, that when said note was presented to the maker for payment, the said maker assigned as the sole reason for not then paying it, that he was not in funds at the time."

It appeared that the note was in bank for collection, and was protested for non-payment, as soon as the usual bank hours expired, the defendant received notice of protest, and the writ was then issued and served.

The plaintiff obtained a rule to show cause why judgment should not be entered, for want of a sufficient affidavit of defence.

*Williams,* for the rule.
*Markland,* contra.

The counsel cited Burbridge *v.* Manners, 3 *Camp.* 193; Hine *v.* Allely, 4 *Bar. and Ald.* 627; 24 *E. C. L. R.* 127; Lofty *v.* Mills, 4 *T. R.* 170; Loudenslager *v.* Beall, 4 *Wheat.* 104; Shed *v.* Bret, 1 *Pick.* 401; Smith *v.* Bank of Washington, 5 *S. & R.* 318; Church *v.* Clark, 21 *Pick.* 310; Osborne *v.* Moncure, 3 *Wend.* 170; 7 *East.* 385; 3 *Smith* 358; 6 *Esp.* 41; 2 *Taunt.* 224; 2 *Camp.* 373; *Chitty on B.* 371; 1 *Marsh.* 36.

The opinion of the court was delivered by
STROUD, J.—The affidavit of defence presents the single question, whether an action can be commenced against the endorser of a promissory note on the last day of grace?

This question was ruled affirmatively by the Supreme Court of

[Bevan et al. v. Eldridge.]

Massachusetts in Shed *v.* Brett, 1 *Pick.* 401, but it was held by the Supreme Court of New York, that under similar circumstances, an action against the *maker* of a promissory note was *prematurely* brought. Osborn *v.* Moncure, 3 *Wend.* 170. In the former case, the action was instituted before the endorser, by the course of the mail, could have received the notice of protest, a position in direct conflict with the decision of the Supreme Court of our own state in Smith *v.* Bank of Washington, 5 *S. & R.* 318.

The ground of the New York decision is stated to be, that the maker has the whole of the day to make payment, and this is in accordance with Wilkins *v.* Jadis, 2 *B. & Ad.* 188, in which it was determined that a presentment of a bill of exchange for payment at a house (not a banker's) at which it was made payable, at *eight* o'clock in the evening of the last day of grace, was sufficient to charge the drawer, although at this hour the house was shut up, and no person there to pay the bill.

It was said in the N. Y. Fireman's Company *v.* Ely, 2 *Cowen* 680, that for all practical purposes the days of grace are part of a promissory note, and accordingly where *interest* was taken in advance, on discounting a note, to the end of the last day of grace, it was decided to be lawful. Bank of Utica *v.* Wagner, 2 *Cowen* 712. The practice of including interest in this way, is generally, if not universally, adopted by the Banks in Pennsylvania.

If then *interest* can be charged in advance to the end of the last day of grace, there can be no propriety in treating any party to a note as *in default*, in respect to payment, until that day has expired. The rule for judgment must, therefore, be discharged.

Rule discharged.