HORNER v. ROWLEY ET AL.

1. **Municipal Corporations:** TRUSTEES OF INCORPORATED TOWN: SUSPENSION OF RULES. The council of an incorporated town consists of seven members, including the mayor and recorder, and the rules cannot be suspended for the passage of an ordinance of a general nature by an affirmative vote of four members.

*Appeal from Decatur Circuit Court.*

FRIDAY, SEPTEMBER 19.

ACTION upon a promissory note. The note was executed and delivered to the plaintiff, who was treasurer of the incorporated town of Davis City. The consideration of the note was a license to sell wine and beer within the limits of said town. The defense was that there was no ordinance of the town in force authorizing the issuance of such license. There was a trial to the court, and it was found that there was no valid ordinance, and that the note was, therefore, without consideration. A judgment was rendered for the defendants. Plaintiff appeals.

Horner v. Rowley.

*Harvey & Young* and *W. W. Peasley*, for appellant.

No appearance for appellees.

ROTHROCK, J.—I. It appears from the record of the case that at a meeting of the council of the incorporated town held on the 15th day of November, 1877, there were present the mayor, the recorder and four trustees. An ordinance for licensing the sale of native wine and beer was read before the council, and a motion was offered that the council dispense with the second and third readings of the ordinance. The four trustees voted in the affirmative on said motion. No votes were offered in the negative. The mayor decided the motion carried, and the ordinance was declared passed. Section 511 of the Code provides that the mayor, recorder, and five trustees, constitute the council of incorporated towns, and that any five of such council shall be a quorum for the transaction of business. The council, therefore, consists of seven members. By section 489 it is provided "that ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless three-fourths of the council shall dispense with the rules." As four, the number who voted to suspend the rule and pass this ordinance, is not three-fourths of seven, it follows that the ordinance was not legally enacted. It was, therefore, void; and no valid act could be done under its provisions.

II. It is said that the answer did not deny the validity of the ordinance in question. It is averred in the answer that there was no valid ordinance under which the license was issued. This was a sufficient tender of an issue, in the absence of a motion for a more specific statement.

AFFIRMED.