## THE STATE v. VAIL.

1. **Municipal Corporations:** ORDINANCE: VALIDITY OF. Where a motion to dispense with the second and third readings of an ordinance was adopted by a town council, at a meeting at which six out of the seven members were present, but the record failed to show the vote upon such motion, the presumption was held to be that it received the requisite three-fourths vote of all the members, and the ordinance, which was passed by the unanimous vote of the members present, was held valid.

*Appeal from Hardin District Court.*

MONDAY, APRIL 26.

AN information was filed before a justice of the peace, charging that the defendant sold ale, beer, porter and mixed liquors contrary to the statutes of Iowa, and ordinances of the

incorporated town of Eldora. The defendant was found guilty by the justice, and judgment rendered against him. Whereupon he appealed to the District Court, where there was a trial, and from the judgment the State appeals.

*E. W. Eastman* and *John Porter*, for appellant.

No appearance for appellee.

SEEVERS, J.—The District Court found the defendant guilty, as charged in the information, but arrested the judgment and discharged him, on the ground that ordinance No.

*1. MUNICIPAL corporations : ordinance : validity of.*
77 of the incorporated town of Eldora was void. The correctness of this ruling is the only question before us. The ordinance was enacted, if at all, before chapter nine of the laws of the Seventeenth General Assembly took effect, and, therefore, the question before us must be determined under statutes in force previous to its passage.

Section 511 of the Code provides that the corporate authority of incorporated towns shall be vested in one mayor, one recorder, and five trustees, any five of whom shall be a quorum for the transaction of business. The ordinance was introduced June 6, 1878. There were present five members of the council. It was referred to the committee on ordinances, who were directed to report it back on the ensuing Tuesday evening.

The council met June 11th, and there were present the mayor and five other members of the council. The ordinance was reported to the council by the committee, and "On motion, the rule requiring ordinances to be read on three different days before being adopted was suspended, and the ordinance put on its passage," and it was adopted by a vote of five members of the council in its favor and none against it.

Section 489 of the Code provides that ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless three-fourths of the council shall dispense with the rule.

Conceding that the foregoing section means three-fourths of all the members, instead of three-fourths of the members present at the time the motion was made to suspend the rules, we have the case when all of the members but one are present, and nothing tending to show how many of them voted in favor of the suspension of the rules. There is no statute requiring the yeas and nays to be called on the adoption of such motion, and as it was declared adopted, the presumption must be indulged that the requisite number of votes were cast, and the rule legally suspended. This view distinguishes this case from *Horner v. Rowley*, 51 Iowa, 620.

A majority of all the members of the council voted for the ordinance. It was, therefore, legally enacted, and the District Court erred in holding otherwise.

Reversed.