HENRY SUTCLIFFE ET AL. v. W. H. HUMPHREYS.

Suit cannot be commenced on a promissory note, payable at bank, on the day it falls due, after the close of banking hours of that day. The maker is entitled to the whole of the due-day in which to make payment.

On *certiorari.*

Argued at February Term, 1895, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the plaintiffs, *Lewis Starr* and *Henry C. Terry.*

For the defendant, *Thomas B. Harned* and *Martin P. Grey.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The only question which it is neces-
sary for the decision of this case to discuss, is whether suit
can be commenced on a promissory note, payable at bank, on
the day it falls due, after the close of banking hours of that
day.

The note in this case was drawn in the State of Pennsyl-
vania and made payable at the National Provincial Bank of
England, in London.

The note matured on the 4th of August, 1894, and was on
that day protested for non-payment, and thereupon on the
same day, after the close of banking hours in London, suit
was instituted by attachment in this state to recover the
amount due on said note.

The authorities upon this subject are very conflicting.

Under the rule which prevails in Massachusetts, the action
in this case was not premature.

In Staples *v.* Franklin Bank, Chief Justice Shaw discusses
the question elaborately.   After commenting upon the English
cases, he says : "No doubt there is a prevailing understand-
ing in England that the maker or acceptor has, by right or by
courtesy, the whole of the last day to make payment in," and
he further observes that it does not appear by any decided
case in England, whether an action may be commenced on
the due-day after demand and refusal to pay.

In *Smith* v. *Aylesworth*, 40 *Barb.* 104, the note was payable
at bank, and the Supreme Court of New York held that an
action commenced against the maker on the last day of grace,
although after the close of banking hours was premature, and
the plaintiff was nonsuited.

In *Oothout* v. *Ballard*, 41 *Barb.* 33, the rule was adhered
to that the maker of a promissory note has the whole of the
last day of grace within which to pay it; and though he
should, in the course of the day, refuse payment, which will
entitle the holder to protest it and give notice to the endorsers,
yet if he subsequently, on the same day, makes payment, it is
good, and the notice of dishonor becomes of no avail.   Hence,

an action on the third day of grace, though after protest, cannot be supported.

This must be so upon principle, as the law does not recognize the division of a day in the absence of an express agreement to that effect.

In *Bank of Syracuse* v. *Hollister*, 17 *N. Y.* 48, the New York Court of Appeals recognized the right of the holder of a note payable at bank to present it for payment and protest, so as to bind the endorser, at an hour after the closing of the bank on the due-day, if an officer of the bank can be found to receive or refuse payment. If the endorser can be held upon such demand of payment and refusal, the maker must have the right to make payment at any time after banking hours on the last day of grace.

In Pennsylvania, suit on a note payable at bank cannot be commenced before the full expiration of the last day of grace. *Bevan* v. *Eldridge*, 2 *Miles* 353. The court said that interest is charged to the end of the last day of grace, and therefore the maker should have the full time for which he has contracted and paid.

The same view was taken by Chief Justice Gibson in *Taylor* v. *Jacoby*, 2 *Barr* 497.

The note in the case before us having been drawn in Pennsylvania and made payable in England, the rights of the maker should be governed by the rule which prevails in those jurisdictions, and, as a matter of policy in questions relating to commercial transactions, we should adopt the rule which pertains alike in New York and Pennsylvania.

In my opinion, the writ of attachment was prematurely issued, and the judgment below should be affirmed.