114   99'
126   103

M. E. GRIFFIN v. JASPER MESSENGER, Treasurer of Clay County, Iowa, Defendant, THE CITIZENS NATIONAL BANK OF DES MOINES, IOWA, Appellant.

**Suspending Rules on Passage of an Ordinance:** MAYOR CITY SECOND CLASS: *Is member of council.* Under Code, 1873, section 531, making the mayor of a city of the second class a member of the city council, he is to be regarded as a member for all purposes, though only voting in case of a tie; and hence, under section 489, requiring ordinances levying special assessments to be read on three successive days unless three-fourths of the council shall vote to dispense the rule, a vote of five members of a council composed of six councilmen and the mayor is insufficient to suspend the rule, and an ordinance passed in pursuance of such action without being read on three successive days is invalid.

*Appeal from Clay District Court.*—HON. F. H. HELSELL, Judge.

SATURDAY, MAY 18, 1901.

ACTION in equity to restrain the sale of lots for taxes levied for the construction of a sewer. Trial and a decree for the plaintiff. The bank appeals.—*Affirmed.*

*Cornwall & Martin* for appellant.

*J. E. Steele* and *Carr & Parker* for appellees.

SHERWIN, J.—The lots upon which the special assessment was levied are in Spencer, a city of the second class. The ordinance providing for the construction of the sewer was adopted without reading the same on three different days, as required by section 489, Code 1873. At the time of its adoption five of the six councilmen and the mayor were present. Upon a motion to suspend the rule requiring its reading on three different days, and to pass the ordinance forthwith, the five councilmen present voted in the affirmative, and the rule was declared suspended and the ordinance

was adopted. The law in force in 1892, at the time the ordinance in question was adopted, explicitly provided that the mayor of a city of the second class should constitute a member of the city council. Section 531, Code 1873. In Spencer, where there were six councilmen elected, the council consisted of seven members, because of this express statute making the mayor a member thereof. As only five members of the council voted for the suspension of the rule requiring the ordinance to be read on three different days, the appellee contends that the vote was insufficient to suspend the rule, and that the ordinance is therefore void, while, on the other hand, the appellant maintains that the mayor is not to be considered a member of the council when it comes to a vote of this kind.

The mayor was by law a constituent part of the city council. How it is possible to eliminate him in determining the number of persons composing the council, we are unable to see. It is true, he had a vote only when there was a tie; but this restriction upon his power to vote rendered him none the less a component part of the council, under the law. The language of the statute is clear and unambiguous where it declares that such ordinances shall be read on "three different days unless three-fourths of the council shall dispense with the rule." It does not say three-fourths of the council, excluding the mayor, nor three-fourths of the council ordinarily voting, and to give it the construction contended for by the appellant would require judicial legislation. *Horner v. Rowley,* 51 Iowa, 620. See, also, *Cochran v. Mc-Cleary,* 22 Iowa, 75; *State v. Yates,* 19 Mont. 239 (47 Pac. Rep. 1004, 37 L. R. A. 205); Dillon, Municipal Corporation, sections 260, 261. The ordinance was void, *Horner v. Rowley, supra. State v. Alexander,* 107 Iowa, 177, does not consider the question before us, and is not authority for appellant's position. The only other question argued relates to the constitutionality of the assessment. It is not necessary to consider this, because what we have already said disposes of the case.—AFFIRMED.