E. G. & S. C. GREEN *v.* JAMES McDONALD, O. A. BURTON
AND E. A. SOWLES.

October Term, 1901.

Present: ROWELL, TYLER, WATSON and STAFFORD, JJ.

Opinion filed November 17, 1902.

*Findings of special master—Equitable liens—Jurisdiction—*
*Subrogation—Offset—Questions of fact.*

The finding that a party ratified an act, so far as a certain agreement
made ratifies it, is not a finding of the fact of ratification, but a
submission of that question to the Court.

Though equity sometimes raises liens without agreements, based either
upon general considerations of justice, or upon the principle em-
bodied in the maxim that he who seeks equity must do equity, it
is in cases in which the aid of a Court of equity must be requisite
to the owner, so that he can be compelled to do equity, or in which
there is some element of fraud as a ground of equitable relief.

A creditor whose debt is assumed by a third person, cannot bring an
action at law on the contract of assumption, but in equity is sub-
rogated to all his debtor's rights under such contract.

The claim of one so subrogated is subject to such offsets as would be
available against the original debtor.

When one agrees, upon a valid consideration, to pay and discharge the
debt of another, and fails to do so, the other may sue on the agree-
ment, though he has not paid the debt.

The recital in a mortgage of a debt due from mortgagor to mortgagee
is *prima facie* evidence of it; but its existence is a question of fact
to be determined by the trier.

APPEAL IN CHANCERY. Decree was rendered in the cause
in January, 1900, and various proceedings were had in order
that the defendants might obtain a hearing in the Supreme
Court, but without avail. An appeal was dismissed for that it
was not taken within the time required. At the March Term,
1901, Franklin County, *Taft,* Chancellor, presiding, on the
defendants' motion, the cause was brought forward, the decree

stricken off, and new decree rendered dismissing the bill as to the defendant McDonald, and for the orators against the other defendants. The defendant Sowles and the defendant Burton's administrator appealed.

*E. A. Sowles* and *Farrington & Post* for the defendants.

The defendant McDonald is estopped, and the orators claiming by way of subrogation are likewise estopped. *Shaw* v. *Beebe,* 35 Vt. 208; *Soper* v. *French,* 47 Vt. 368; *Gerrish* v. *Bragg,* 55 Vt. 330; *Martin* v. *Railroad Co.* 83 Mo. 104.

In order to create a lien where a trust has once attached, the burden of proof is on the orator to show that the property had been discharged from the trust. *Flint* v. *Strahan,* 36 Vt. 210.

The property being held in trust could not be pledged for or charged with any lien in favor of McDonald or the orators. *Willey* v. *Bank,* 47 Vt. 546; *Abel* v. *Howe,* 43 Vt. 403; *Birch* v. *Ware,* 15 Pet. 98.

If the orators have any rights, it is because McDonald had such rights. The condition of the chattel mortgage shows that McDonald was then owing Burton and Sowles the sum of $3,412.30 for money already advanced to him. There is nothing to show that this debt has ever been paid. The orators could not get any interest in the property until this claim was satisfied.

*Alfred A. Hall* for the orators.

As the case now stands the orators are entitled to a mechanic's lien. In the last report of the special master, the findings which were lacking in the case as it appears in 70 Vt. 376, are supplied.

An equitable lien arises in favor of the orators. The defendants have taken the benefit of the expenditures and received

the insurance obtained thereon, and having taken the benefit they should pay the expense.

ROWELL, J.    When this case was here in 1897,—70 Vt. 372,—it was held that the orators were not entitled to relief under the mechanic's liens, because there was no finding that McDonald was authorized to charge the interest of Burton and Sowles with the repairs made by the orators.    But the orators now claim that there is such a finding, and refer for it to the master's last report, made in September, 1899, where it says that as far as the act of Burton and Sowles in agreeing to pay the orator's debt as a part of the consideration of the chattel mortgage of June 30, 1881, was a ratification of Mc-Donald's action in creating the debt, they then and there rati-fied and confirmed such action.

But this is not a finding of the fact of ratification, but a submission of the question to the Court as matter of law.    The Court had the same facts before it before, and it was for it to say whether they amounted to a ratification or not, and it said, in effect, that they did not.    The case not being varied on this point by any additional findings, the former decision is con-clusive against relief under the mechanics' liens.

The orators further claim an equitable lien on the fund in the hands of the receiver, because, the master having found that their industrial accessions to the building were nec-essary to fit it for a shirt-factory, and were specially mentioned in and covered by the insurance policies on which part of the fund was received, it would be inequitable to permit the defend-ants Burton and Sowles or any other creditors to hold the in-surance money derived from such accessions.

It is said that the theory of equitable liens has its founda-tion in contracts, express or *quasi,* that deal with specific prop-erty, or are in some way related to it.    But here is no such con-

tract with Burton and Sowles.   There are, however, instances
where equity raises liens without agreements, based either upon
general considerations of justice, or upon the principle em-
bodied in the maxim that he who seeks equity must do equity,
that is, must recognize and admit the equitable rights of the
other party directly connected with, or arising out of, the same
subject matter.   Thus, the right to reimbursement from the
owner, and an equitable lien on the property benefited as secur-
ity therefor, have been extended to cases where a party inno-
cently and in good faith, though under a mistake as to the con-
dition of the title, makes improvements, repairs, or other
expenditures that permanently increase the value of the prop-
erty, so that the real owner, when he seeks the aid of equity to
establish his right to the property itself, or to enforce some
equitable claim upon it, having been substantially benefited, is
required, on principles of justice and equity, to reimburse the
expenditure to the extent he has been benefited thereby.

But in order for this, in any case of this general kind,
either the aid of a Court of equity must be requisite to the
owner, so that he can be compelled to do equity, or there must
be some element of fraud in the matter as a ground of equitable
relief.   3 Pom. Eq. Jur. § 1241, and note; *Williams* v. *Van-
derbilt*, 145 Ill. 238, 36 Am. St. Rep. 486, 493.   It follows,
therefore, there being no contract here giving a lien; the de-
fendants not being actors; and no fraud being shown whereby
Burton and Sowles induced the orators' expenditures,—that
an equitable lien cannot be decreed.

It appeared when the case was here before, as it does now,
that Burton and Sowles agreed with McDonald to pay his debt
to the orators, and received a chattel mortgage from McDon-
ald securing the amount to be paid; and it was then held that
in equity the orators could avail themselves of the rights accru-
ing to McDonald under that arrangement, and said that as the

situation might be such that they would derive some benefit from a decree, the bill would not be dismissed, but the cause would be remanded, to afford an opportunity for such amendments of the bill as might enable the orators to avail themselves of the case found, and it was ordered accordingly. The case stands no different now on this point than it did then, and therefore the former decision must stand, the effect of which is, that by that arrangement, as between the parties thereto, Burton and Sowles became primarily liable for the orators' debt, and McDonald became their surety.

In some of the States, the party beneficially interested in a contract may sue upon it at law in his own name. But in this State, as well as in England, an action at law can be maintained only by the party having the legal interest, that is, the party to whom the promise is made. The orators, therefore, cannot sue at law on this contract of assumption, but their only remedy is in equity, where their rights do not arise from the contract of assumption, but result from an application of the doctrine of subrogation, and McDonald having become a surety, the orators, as creditors of his principals, are entitled by subrogation to succeed to his rights against them at the time the bill was brought; and their rights are measured and limited by his rights, for they can stand only in his shoes. *Keller* v. *Ashford,* 133 U. S. 610; *Crowell* v. *Hospital of St. Barnabas,* 27 N. J. Eq. 650; *Wyckoff* v. *Noyes,* 36 N. J. Eq. 227, 231; *Knapp* v. *Sturgis,* 36 Vt. 721, 729; 3 Pom. Eq. § 1207.

It follows, therefore, that the orators can have no personal decree against Burton and Sowles for the amount of their debt, unless McDonald had a right to such a judgment when the bill was brought,—*Crowell* v. *Currier,* 27 N. J. Eq. 152,—and that McDonald had such right is clear, although he had not

7

paid the debt, for Burton and Sowles' promise was to pay and discharge, not merely to indemnify and save harmless, and the rule is, deducible from many cases, that a positive agreement to do an act that is to prevent damage to the plaintiff, will sustain an action when the defendant neglects or refuses to do the act. *Hunt* v. *Amidon,* 1 Hill, 147; *Rector etc. of Trinity Church* v. *Higgins,* 48 N. Y. 532; *Furnas* v. *Durgin,* 119 Mass. 500, 20 Am. Rep. 341; *Evarts* v. *Bostwick,* 4 Vt. at page 352. Serjeant Williams says that *non damnificatus* cannot be pleaded to debt on bond conditioned to discharge or acquit the plaintiff from some particular thing, for there the defendant must set forth affirmatively the specific manner of performance. 1 Saund. 117, note (1). Accordingly it was held in *Holmes* v. *Rhodes,* 1 B. & P. 638, that *non damnificatus* was no answer to debt on bond conditioned for the payment of a sum of money at such a time. In *Loosemore* v. *Radford,* 9 M. & W. 657, the plaintiff and the defendant being joint makers of a promissory note, the defendant as principal and the plaintiff as his surety, the defendant covenanted with the plaintiff to pay the note on a given day, but made default; and it was held in an action on the covenant that the plaintiff was entitled, though he had not paid the note, to recover the full amount of it by way of damages. ALDERSON, B., said the case resembled that of an action of trover for title-deeds, in which the jury may give the full value of the estate to which they belong, by way of damages, although they are generally reduced to 40s. on the deed's being given up. See, also, *Toussaint* v. *Martinnant,* 2 T. R. 100; *Martin* v. *Court,* Id. 640; *Hodgson* v. *Bell,* 8 T. R. 97; *Penny* v. *Fay,* 8 B. & C. 11. In *Lethbridge* v. *Mytton,* 2 B. & Ad. 772, the defendant, by a settlement made upon his marriage, conveyed an estate on certain trusts, and covenanted with the trustees to pay off incumbrances thereon to the amount of £19,000 within a year; and it was held, on his failure to do

so, that the trustees could recover the whole £19,000 in an action of covenant, although no payment had been made by them, and no special damage laid nor proved.     But see *Ayers* v. *Dixon,* 78 N. Y. 318, and 3 Pom. Eq. § 1207, for a different doctrine.

But as Burton and Sowles could, in an action by McDonald against them, set off any indebtedness of his to them, they can avail themselves here of such indebtedness by way of defense, for as the orators cannot recover in their own right, but only in McDonald's right, they are subject to the defense of set-off.     But it is not found that there is any such indebtedness. It is true that in the condition of the chattel mortgage, McDonald admits an indebtedness to them of $3,400.     It is also true that this admission, with nothing to oppose it, is sufficient to establish the fact of such indebtedness, and therefore is *prima facie* evidence of it; but the master does not find the fact, and we are not at liberty to infer it.     The rule is that when the amount of evidence sufficient to establish a fact is not fixed by law, it must be left to the jury or other trier to determine what conclusion is to be drawn from it.     Thayer's Prel. Treat. Ev. 333, 542, note 1.     And the $6,500 mentioned in the condition of said mortgage, which it says Burton and Sowles "have obligated themselves to pay or assume" for McDonald, "or shall thereafter pay or assume" for him, stand in the same way, there being no finding of such obligation, payment, or assumption, except the assumption of the orators' debt, which is included in the $6,500.     As the case is presented, therefore, the orators are entitled to a decree for the amount of their debt.     But as there is nothing in the case enabling us to say as matter of law that there is no indebtedness from McDonald to Burton and Sowles, and as the report discloses evidence tending to show that there is, we do not order a decree for the orators' debt, lest injustice be done to the defendants, but send the case back in a way that

it may be ascertained whether McDonald owed Burton and Sowles at the time the bill was brought.

The orators are entitled to whatever advantage they can derive in McDonald's right under the mortgage; and that would seem to be limited to the insurance money in the hands of the receiver, derived from the property covered thereby that was burned, as the rest of the property has been used up or is worthless. But there is no finding as to the amount of that money. An account of it, therefore, will have to be taken, if the orators' debt is not extinguished by set-off.

The defendant Sowles makes many questions on his motions to recommit and to suppress, and his exceptions to the report. But most of them relate to points decided in his favor, and the others are not sustained.

*Reversed and remanded, with mandate.*