## CHARLES W. MERRIMAN

*v.*

## FRANK P. SCHMITT.

*Opinion filed October 24, 1904.*

1. DEEDS—*agreement to assume mortgage is binding unless deed was intended as a mortgage.* An agreement in a deed that the grantee will assume and pay a mortgage on the property imposes an absolute liability upon the grantee if the deed is delivered to and accepted by him as an absolute conveyance, but he has the right to show by parol evidence that the deed was intended merely as a mortgage, which question is one of fact.

2. SAME—*when provision for assuming mortgage is not binding on grantee.* A provision in a deed that the grantee will assume and pay a mortgage upon the property is not binding upon the grantee where the deed was intended merely as a mortgage and was never delivered to the grantee, whose subsequent dealings with the title were without knowledge of such provision.

3. RATIFICATION—*knowledge of material facts is essential to a ratification.* A conveyance of land by one holding title under a deed absolute in form but intended merely as a mortgage is not a ratification of a provision in the deed for the assumption and payment of a prior mortgage by him, where he had no knowledge of such provision.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

BATES & HARDING, (E. D. MCGOWAN, of counsel,) for appellant.

FRANK P. SCHMITT, Jr., for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 13, 1890, Elizabeth C. Lidster conveyed to the appellant, Charles W. Merriman, a tract of land in Beloit, Wisconsin, in consideration of $12,150. Merriman executed three notes for $3000 each, payable in one, two and

three years after date, for part of the purchase money, and secured them by mortgage on the land. On June 16, 1890, Merriman executed a warranty deed of the same land at Beloit to the appellee, Frank P. Schmitt, who lived in Chicago, the consideration mentioned in the deed being $16,250. That deed contained full covenants of warranty, except as to the mortgage of $9000, and recited that the grantee thereby assumed and agreed to pay said mortgage, which formed a part of said consideration. The two deeds were recorded in the office of the register of deeds of Rock county, Wisconsin, on June 18, 1890. On August 6, 1890, Merriman executed another warranty deed to Schmitt, which stated that it was made to correct a mistake in the former deed between the same parties, but the only difference was that the consideration named was $16,750 instead of $16,-250. On September 6, 1890, Schmitt and wife conveyed the land to the Beloit Land and Investment Company, and the deed contained the same clause by which the grantee assumed and agreed to pay the mortgage as in the deed to Schmitt. Elizabeth C. Lidster died soon after the execution of her deed, and on the foreclosure of the mortgage by her executor there was a deficiency of $5214.44. Execution was issued against Merriman and the Beloit Land and Investment Company for the deficiency, and being returned unsatisfied, this suit was brought in the circuit court of Cook county against Schmitt, who was not personally served in the foreclosure suit. The defense was, that the conveyance was made by Merriman to Schmitt to secure a loan of $3000, under an agreement that upon payment of the said amount Schmitt would re-convey to Merriman or to such person as Merriman might name; that there was no agreement or understanding that Schmitt should assume or pay the mortgage, and that he never saw the deed to him or knew that it contained such an agreement on his part. There was a trial, resulting in a verdict for the defendant, and judgment was entered against the plaintiff for costs. The judgment was affirmed by the Branch Appellate Court for the First District.

The controversy in this case was whether the deed from Merriman to Schmitt was an absolute conveyance or mortgage. The determination of that question depended on the testimony of witnesses as to the agreement under which the deed was made. Section 12 of chapter 95 of the Revised Statutes provides that every deed conveying real estate which shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage. A grantee has a right to show what the real consideration for a conveyance is, and parol evidence is competent for the purpose. (*Huebsch* v. *Scheel*, 81 Ill. 281.) The agreement contained in Merriman's deed would impose an absolute liability on the defendant, Schmitt, to pay the mortgage if the deed was delivered to and accepted by him as a conveyance of the land. In case of such delivery and acceptance he would be bound in like manner as though he had signed the deed. (*Thompson* v. *Dearborn,* 107 Ill. 87.) That is a question of law, but he had a right to prove that the deed, although absolute in terms, was intended as a mortgage, and that it was never delivered to him or accepted by him as a conveyance of the land, and that was a question of fact.

The deed from Elizabeth C. Lidster to Merriman was dated June 13, 1890, and on June 14 Merriman and J. B. Dow, of Beloit, visited Schmitt in Chicago and obtained from him $3000 for the cash payment to her, and it was used for that purpose. It was intended to organize a corporation, known as the Beloit Land and Investment Company, for the purpose of dealing in real estate, and with the intention to transfer the land to the corporation. There was evidence that Schmitt agreed to loan $3000 to Merriman if Merriman would execute a deed to him to secure payment; that Merriman gave Schmitt his note for $3000 and agreed to execute the deed; that Schmitt gave him the money; that the deed was executed by Merriman and was sent to Janesville, Wisconsin, to be recorded, and when recorded was returned to Beloit; that Dow informed Schmitt that the deed had been

executed, and that there was, in fact, no agreement on the part of Schmitt to assume or pay the mortgage debt. Schmitt never saw the deed and never knew of the agreement contained in it that he should pay the mortgage. The $3000 was re-paid to him, as he testified, by check or draft, but at or about that time he took stock in the corporation to the amount of $3500 and later took $3000 more.

The greater portion of the argument for the appellant is devoted to the proposition that the evidence showed the deed to have been an absolute conveyance; that instead of being made to secure a loan of $3000, the fact was that the parties were about to organize a corporation; that Schmitt became interested in the scheme, and, acting in concert with Merriman and others, advanced the $3000 for the prospective corporation and held title until it was organized, when he conveyed the land to the corporation and received stock for the money so advanced, and that under all the evidence the conveyance did not constitute a mortgage. These were all controverted questions of fact on the trial of the case, and they have been conclusively settled in favor of appellee by the judgment of the Appellate Court.

It is not contended by counsel that the court erred in ruling on the admission of evidence, and no instruction given or refused is pointed out as sustaining any claim of an erroneous view of the law by the trial court. It is said, in a general way, that the court, in giving and refusing instructions, held contrary to the position of appellant. We have nevertheless examined each of the instructions and do not find any contrary to the law as we understand it.

Where one, for a valuable consideration, makes a promise to another for the benefit of a third person, the one for whose benefit the promise is made may maintain an action upon it. If there is a sufficient consideration for the promise as between the one making it and the one to whom it is made, the law will enforce it. Therefore, if a part of the consideration for a conveyance of land is an assumption by the grantee of a mortgage on the premises, the mortgagee may enforce

the agreement in an action at law for his benefit. Like other contracts, the promise must be based upon sufficient consideration, and a grantor cannot impose such an obligation upon a grantee without his knowledge or consent. If a conveyance is made purely as a mortgage, for the purpose of securing an indebtedness, that fact alone would not furnish any consideration for a promise to pay a previous mortgage. If the grantee takes only a mortgage interest he owes no debt which he can promise to pay to a prior mortgagee, and an agreement to assume a prior mortgage amounts to nothing but a promise to purchase it or to pay the debt of the mortgagor upon no consideration. In any event, it is essential that there should be a delivery and acceptance of the conveyance, which creates a personal obligation upon one who does not join in the execution of the deed. It is only by acceptance that he becomes bound, and if the acceptance of the terms of a deed may be presumed from its being found on the public records, it would clearly not be a conclusive presumption, otherwise a personal obligation might be imposed upon any party without his knowledge or consent by making a conveyance and putting it upon record. In this case we must assume, as a matter of fact, in accordance with the judgment of the Appellate Court, that the deed to Schmitt was in fact a mortgage; that he never assumed or agreed to pay the Merriman mortgage; that the deed was never delivered to him, and that in subsequently dealing with the title and conveying to the corporation he had no knowledge whatever that the deed contained such a covenant.

It is insisted that by conveying the land to the Beloit Land and Investment Company, Schmitt ratified the assumption clause in the deed to himself as a matter of law. Assuming, as we must, that he had no reason to suppose that the deed to him contained a personal contract on his part to pay the mortgage, he was ignorant of a material fact necessary to a ratification. He could not be held, as a matter of law, to have ratified or confirmed the alleged agreement · without a knowledge of the material facts. There was no

estoppel *in pais,* because no one entered into any contract
or changed his position, or acted in any way on the assump-
tion that Schmitt had entered into an agreement to pay the
mortgage.

We find no error in the record, and the judgment of the
Appellate Court is affirmed.          *Judgment affirmed.*