No. 19,468.

G. C. BUTLER, *Appellee*, v. JOHN F. MILNER et al. (F. L. GOODNIGHT, *Appellant*).

SYLLABUS BY THE COURT.

DEED — *Assumption of Mortgage — A Mistake of Scrivener — Question of Fact for Jury.*  Where the appellant traded an automobile for a livery barn heavily mortgaged, and neither party to the trade mentioned the assumption of the mortgage, and the scrivener of his own volition inserted an assumption clause in the deed obligating the appellant to pay the mortgage, but the appellant never saw the deed nor learned of the assumption clause until long after he in turn had traded off· the barn, the appellant could plead the scrivener's mistake against one who purchased the mortgage long after its maturity, and such defense raised an issue of fact which appellant had a right to have submitted to a jury.

Appeal from Clark district court; GORDON L. FINLEY, judge.  Opinion filed May 8, 1915.  Reversed.

*Francis C. Price*, of Ashland, for the appellant.

*L. R. Fulton*, of Wichita, and *W. W. Harvey*, of Ashland, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:  F. L. Goodnight traded an automobile to G. C. Butler for a livery barn in Englewood, which barn was subject to a mortgage for $1600.  Nothing was said in the course of the trade about the assumption of

the mortgage by Goodnight. Cecil W. Newby, the local banker and notary, and who acted as scrivener, was correctly advised of the trade, but of his own volition incorporated in the deed a clause as follows:

"This deed is given subject to a mortgage of $1,600 given in favor of Marion Forsher, which mortgage said party of the second part agrees to assume as a part of the purchase price."

The notary sent the deed to the county seat for recording, and it was returned to him after such registration, and remained in his bank. Goodnight never saw it. Four months later Goodnight traded off the livery barn to another party, Lonnie Maphet, and Newby again acted as scrivener and incorporated a similar recital in the deed, although nothing about an assumption of the mortgage was mentioned between Goodnight and Maphet. Goodnight saw and signed this deed.

Newby testified:

"I did not at that time know that it meant a personal liability falling back onto another party, if that particular clause was used. I frequently used this clause, and sometimes just put it in. 'This deed is given subject to this mortgage, such and such a mortgage,' and other times I used this particular clause, not knowing that there was any difference. Mr. Goodnight said nothing that led me to think he was to pay the mortgage. I knew the mortgage was on this property, and Goodnight said he had bought the property subject to the mortgage, and would probably trade it off in a few months."

The mortgage was due June 13, 1911, and about a year after its maturity it was assigned to and purchased by the plaintiff, G. C. Butler, and not long afterwards he brought suit to foreclose the mortgage and sought to hold Goodnight personally under the assumption clause in the deed from Milner to Goodnight.

In his answer, Goodnight alleged that the assumption clause was inserted in the deed without his knowledge or consent, and through a mistake of the scrivener; that he had made no agreement with his grantor

whereby he had assumed or agreed to pay the mortgage; and that he never had any notice or knowledge that the deed contained such assumption clause until about the time of the commencement of this suit.

Plaintiff's reply was a general denial.

After the evidence was introduced on both sides the court took the case from the jury and gave judgment against Goodnight for the full amount of the mortgage and interest, less $400 which had been realized by the sale of the mortgaged premises.

Defendant Goodnight appeals.

We think the court erred in taking the case from the jury. Under the pleadings a fair issue was raised as to whether the assumption clause was inserted by the mistake of the scrivener. This was a question for the jury. The appellee urges that a *mutual* mistake was not pleaded, but that cuts the matter a little too fine under the circumstances of this transaction. A mistake of the scrivener would affect the grantor and grantee mutually.

Perhaps Goodnight did not act promptly in repudiating the assumption clause when it was at last brought to his attention. The abstract of the pleadings shows no issue of laches; but that too would be a question for the jury. It goes without saying that ordinarily a jury is not demandable in an equitable proceeding like a mortgage foreclosure suit. (*Morgan v. Field*, 35 Kan. 162, 10 Pac. 448.) But here no question arises touching the mortgage. The question at issue is whether Goodnight contracted to pay a sum of money. True, it is the sum named in the mortgage. But did he agree to pay it? That depends on whether the contract specified in the deed is a mistake. Has he been guilty of laches which estops him to plead the mistake? Obviously a question of fact.

The question whether the holder of the mortgage or only Milner, Goodnight's grantor, could sue on the as-

sumption clause is not argued (1 Shep. Touch. 171) and it will not be considered.

This cause is reversed and remanded for a new trial, with instructions to the district court to grant a jury trial on the issue of fact raised by the pleadings.