GUARANTEE MORTGAGE & FINANCE COMPANY, Appellee, v. J. A. M. COX, Appellee, et al., Appellant.

MORTGAGES: Assumption and Agreement To Pay—Estoppel. The purchaser of a promissory note secured by mortgage will not be permitted to base an estoppel on the fact that, before he purchased, he examined the records and found recorded a subsequent deed wherein the grantee (a stranger to the mortgage) assumed and agreed to pay said note and mortgage, and bought *in sole reliance* on such record. On the contrary, such purchaser is bound to know that such assumption is not conclusive,—is subject to *oral explanation*, i. e.: (1) that the grantee accepted the deed solely as collateral security; (2) that neither the grantee nor his grantor ever contemplated that the grantee would assume such an obligation; and (3) that there was no consideration for such assumption and agreement to pay. (See Book of Anno., Vol. 1, Sec. 12376, Anno. 26 *et seq.*)

STEVENS and ALBERT, JJ., dissent.

Headnote 1:   27 Cyc. p. 1354.

*Appeal from Wayne District Court.*—A. R. MAXWELL, Judge.

DECEMBER 15, 1925.

REHEARING DENIED MARCH 12, 1926.

ACTION in equity to foreclose a mortgage on real estate and for other relief. Judgment and decree in favor of plaintiff, as prayed, and the defendant H. B. Blanchard appeals. The facts are fully stated in the opinion.—*Reversed.*

    *J. W. Kridelbaugh,* for appellant.

    *Miller, Kelly, Shuttleworth & McManus,* for appellee.

STEVENS, J.—This is an action in equity, to foreclose a mortgage upon a tract of land located in Wayne County, in which the appellant Blanchard is made a party, and recovery asked against him upon an alleged agreement in a deed by which the grantee, without naming him, assumed the payment of the mortgage in question, which was executed by J. A. M. Cox and wife, and delivered, without inserting the name of the grantee therein, to F. B. Rinehart, who, in turn, delivered the same, which was still blank as to the grantee, to appellant, as collateral security for the payment of an incumbrance upon a farm in Appanoose County which Rinehart had previously conveyed to appellant and Samuel W. Cooley, and which the said Rinehart was obligated to pay, as a part of the transaction out of which the conveyance arose.

The point of divergence in the theory of counsel for the respective parties, and also the legal and equitable grounds upon which it is based, will be made clear by a brief preliminary recital of the facts admitted of record. On February 1, 1917, J. A. M. Cox and wife executed the note and mortgage in question upon the Wayne County land to William F. and Frances E. Ghormley, for $6,000, to become due March 1, 1924. On January 10, 1920, the said mortgagees assigned the mortgage to appellee, a corporation having its principal place of business in the city of Des Moines. On September 5, 1924, this action was commenced to foreclose the same and to recover judgment for the amount thereof against appellant, as stated. On September 4, 1917, Blanchard and Cooley, a copartnership composed of the parties above named, sold and agreed to convey to Rinehart by bill of sale a stock of hardware and implements later invoiced at $33,000, in consideration of a conveyance to them of a 319-acre tract of land in Appanoose County for a consideration of $35,728, subject to incumbrances thereon of $21,000. In the settlement of the contract referred to, Blanchard and Cooley received a mortgage back on the stock from Rinehart of $18,000. When the title to the Appanoose County land was finally examined, it was ascertained that there was an additional mortgage of $4,000 thereon. This, of course, Rinehart was bound to pay. Being unable to do so, he delivered the deed from Cox and wife of the Wayne County land, exe-

cuted to him in blank as to the grantee, to appellant as collateral security for the payment of the $4,000 mortgage. This transaction was in writing, but the instrument has been lost, and the contents were proven by parol. On March 2, 1918, Blanchard and Cooley, by appellant, gave notice to Rinehart and Cox of the forfeiture of all of the right of the former in the Cox deed, because of default in the conditions of the contract under which the deed was delivered to appellant, and that they would claim title to the land unless the $4,000 was paid within 30 days from that date. In the meantime, a contract was entered into between Blanchard and Cooley and Rinehart, by the terms of which the latter agreed that the Wayne County land might be conveyed to D. A. McCulloch in pursuance of a contract entered into by Blanchard or the copartnership with him. The Wayne County land was accordingly conveyed to McCulloch in exchange for property in Allerton. The deed from Cox to Rinehart, which the latter transferred to Blanchard as collateral security, contained a clause by which the grantee assumed and agreed to pay the mortgage in question.

Appellant pleaded as a defense that he obtained the deed merely as collateral security for the $4,000, the agreement for which was in writing, and that he did not see it or know of the presence of the assumption clause therein until after his name as grantee had been inserted by Cooley and the instrument recorded; and that there was no consideration on his part for the alleged assumption and agreement to pay the mortgage. He prayed for a reformation of the instrument so as to express the true understanding and agreement of the parties thereto. To this plea of appellant's, appellee set up facts which it relies upon to constitute an estoppel, as follows: That the said mortgage was purchased and assigned to it without knowledge of the facts pleaded in the answer; that it paid value therefor before maturity; and that, before doing so, it caused the record of the deed to be examined, and then learned of the assumption clause therein; and that the said mortgage was purchased in reliance upon the disputed provision in the deed; and that but therefor the note and mortgage would not have been purchased, as the land did not provide adequate security for the debt.

I.   All of the points presented by the record on this appeal are well settled by the authorities.   It is the rule in this state, as in a majority of the states, that, if a part of the consideration for a conveyance of real property is the assumption by the grantee of a mortgage incumbrance thereon, such mortgagee may sue on such contract in his own name and recover the amount of such incumbrance from the grantee (*Beeson v. Green,* 103 Iowa 406; *Liljedahl v. Glassgow,* 190 Iowa 827; *Shult v. Doyle,* 200 Iowa 1; *Merriman v. Schmitt,* 211 Ill. 263; [71 N. E. 986]); and it is held in this state that foreclosure of the mortgage and sale of the premises are not conditions precedent to the right of the mortgagee to sue.   *Beeson v. Green,* supra; *Weiser v. Ross,* 150 Iowa 353.   If, however, there is no consideration for the agreement on the part of the grantee to assume and pay the mortgage debt, the contract is not binding upon him, or if the deed was delivered in blank, or the conveyance was made as security only, or if the clause was inserted in the deed by fraud, inadvertence, and mistake, without the knowledge or acquiescence of the grantee, he may, unless estopped to do so, have the instrument reformed in equity so as to make it express the true intent and understanding of the parties.   *Stead v. Sampson* (Iowa), 155 N. W. 978 (not officially reported); *Jones v. Price* (Iowa), 86 N. W. 219 (not officially reported); *Merriman v. Schmitt,* supra; *Broadbent v. Hutter,* 163 Wis. 380 (157 N. W. 1095); *Green v. Stone* (N. J. Ch.), 32 Atl. 706; *Hayden v. Drury* (C. C.), 3 Fed. 782; *Drury v. Hayden,* 111 U. S. 223 (28 L. Ed. 408); *Logan v. Miller,* 106 Iowa 511; *Hare v. Murphy,* 60 Neb. 135 (82 N. W. 312); *Haskins v. Young,* 89 Conn. 66 (92 Atl. 877); *Starbird v. Cranston,* 24 Colo. 20 (48 Pac. 652); *Bradshaw v. Provident Tr. Co.,* 81 Ore. 55 (158 Pac. 274); *Adams v. Wheeler,* 122 Ind. 251 (23 N. E. 760); *Cruzen v. Pottle,* 3 Neb. (Unof.) 453 (91 N. W. 858); *Metzger v. Huntington,* 139 Ind. 501 (39 N. E. 235; 37 N. E. 1084); *Butler v. Milner,* 95 Kan. 463 (148 Pac. 605); *Demaris v. Rodgers,* 110 Minn. 49 (124 N. W. 457); *Rogers v. Castle,* 51 Minn. 428 (53 N. W. 651); *Johnson v. Maier,* 194 Mo. App. 169 (187 S. W. 143).

There is no conflict in the positive evidence in this case. It is clear that neither Rinehart nor appellant contemplated, by

the written agreement in pursuance of which the deed was delivered to the latter, that he was to be bound by the assumption clause recited in the deed, nor was such purported assumption supported by a consideration. A court of equity would, upon these facts, readily decree a reformation of the contract as against Rinehart and the original mortgagee, who would not have been in any way deceived or misled by the agreement, to change his position or to suffer prejudice. The right of the mortgagee to recover at all of the grantee rests upon contract, and this is true whether the mortgagee may maintain an action at law directly against the grantee on the contract of assumption, as in this and most other jurisdictions, or whether the basis of liability, as in a few jurisdictions, is founded upon the right of subrogation that exists in favor of a creditor to all securities held by a surety of the principal debtor. *New Orleans C. & L. R. Co. v. New Orleans*, 143 U. S. 192 (36 L. Ed. 121); *Holland Reform Sch. Soc. v. DeLazier*, 85 N. J. Eq. 497 (97 Atl. 253); *Green v. McDonald*, 75 Vt. 93 (53 Atl. 332); *Sherwood v. Lowell*, 34 Cal. App. 365 (167 Pac. 554); *Felker v. Rice*, 110 Ark. 70 (161 S. W. 162).

II. The conclusion reached in the preceding division of this opinion disposes of every question discussed by counsel except the plea of estoppel, which we come now to consider. As between the appellant and his grantor, parol evidence was admissible to show that the deed was turned over to him as collateral security for an existing obligation, and without any intention on the part of any parties to the deed or of appellant that he was to assume and pay the indebtedness. The evidence is little short of conclusive on this point. The notice imparted by an examination of the record, it is true, did not disclose facts which constituted a complete defense on the part of appellant against any action that might be brought against him by the original grantor or appellant's debtor, who turned the deed over to him as collateral security only; but appellee was bound to know that the assumption of the indebtedness in the deed was not conclusive, but was subject to explanation and to any defense existing in favor of appellant against the prior parties with whom he had dealt. *Peters v. Goodrich*, 192 Iowa

790. Appellant knew nothing of the purchase of the mortgage or of the examination made by appellee of the record.

Thus far, on this point, the writer has attempted to express the view of the majority. The writer, with whom Justice Albert concurs, would sustain appellee's plea of estoppel. The conclusion reached by the majority works a reversal.

It is so ordered.—*Reversed.*

FAVILLE, C. J., and EVANS, DE GRAFF, VERMILION, and MORLING, JJ., concur.

STEVENS and ALBERT, JJ., dissent to conclusion of Division II.