PRUDEN *vs.* WILLIAMS and others.

1. Every purchaser of mortgaged premises who, by his conveyance, assumes payment of the mortgage, is liable for any deficiency of the proceeds of sale to pay the mortgage debt, and a decree for deficiency may be made against them all.

2. They are all proper, but not necessary parties in a suit to foreclose the mortgage.

3. If not made parties to such suit, and a deficiency is found to exist, a suit by bill to compel them to pay the deficiency, is maintainable against them.

4. Equity had jurisdiction in such cases before the passage of the act of March 29th, 1866, (*Nix. Dig., p.* 119 : *Revision, tit. Chancery, pl.* 76,) on the principle of subrogation : hence the jurisdiction is not confined by that act to suits for foreclosure and sale of the mortgaged premises.

5. That parties equitably liable to pay a mortgage debt were not made parties to a suit to foreclose the mortgage, is no ground of dismissal of a bill filed to compel them to pay a deficiency.

6. The original owner and mortgagor is not a necessary party to such a bill : with respect to him, those who have subsequently assumed the mortgage debt stand, as to the deficiency, in the place of principals, and he in that of surety only.

7. The court has the power to order him to be made a party, if necessary for their protection.

On demurrer to bill.

*Mr. W. J. Magie* and *Mr. J. R. English,* for demurrants.

*Mr. R. E. Chetwood,* for complainant.

THE CHANCELLOR.

This suit is brought to compel the defendants, Edward P. Williams, Simeon J. Ahern, Alexander M. W. Ball, and Emily A. Kent, to pay the deficiency which exists after the application of the proceeds of the sale of certain mortgaged premises under foreclosure, to the amount due on the mortgage. The premises were mortgaged by John M. Pruden,

then the owner thereof, to the complainant.  Pruden then sold them, subject to the mortgage, to the defendant, Williams, who, by the deed, assumed the payment of the mortgage.  The premises were, in like manner, by consecutive conveyances, conveyed to the defendants, Ahern and Ball, and Mrs. Kent, respectively, each of whom, in the same way, assumed the payment of the mortgage.  The mortgage being past due and unpaid, the complainant foreclosed it in this court, and the premises were sold under the foreclosure ; but, after paying out of the proceeds of the sale the amount due on a prior mortgage, and applying the balance to the mortgage of the complainant, there was a deficiency.  Neither Williams, Ahern, or Ball was made a party to that suit. Mrs. Kent and husband were made parties, she being the owner of the property when the foreclosure suit was begun. The complainant's bill prays that the defendants, Williams, Ahern and Ball, and Mrs. Kent, may be decreed to pay the deficiency, in such order as this court may direct.  A decree *pro confesso* has been entered against Mrs. Kent.  The other defendants have filed a general demurrer.

The question presented is, whether this action can be maintained.  That a decree for deficiency might have been made against these demurrants in the foreclosure suit, had they been made parties thereto, and a prayer for that relief inserted in the bill and the provision of the rule of this court in that behalf complied with, cannot be doubted.  *Revision, tit. Chancery, pl.* 76 ; *Klapworth* v. *Dressler*, 2 *Beas.* 62 ; *Jarman* v. *Wiswall*, 9 *C. E. Green* 267.  The demurrants insist, however, that the act above referred to is a grant of jurisdiction where none existed before, and that the jurisdiction is, by the terms of the act, limited to suits for foreclosure or sale of the mortgaged premises.  Equity had jurisdiction in such cases as that under consideration before the passage of that act, on the principle of subrogation, by which the creditor is entitled to all the collateral securities which the debtor has obtained to reinforce the primary obligation.  *Klapworth* v. *Dressler, ubi supra ;* *Curtis* v. *Tyler*, 9 *Paige* 432 ; *Marsh* v. *Pike*, 10 *Paige* 595 ;

*Trotter* v. *Hughes*, 12 *N. Y.* 74. Such an action as this, therefore, was maintainable before the passage of the act above alluded to. Besides, it is within the equity of that statute. *Halsey* v. *Reed*, 9 *Paige* 446. But, it is insisted that, because these defendants were not made parties to the suit for foreclosure, the bill should be dismissed. That was a proceeding *in rem*, in which no relief against them was sought. While, in view of their interest in the account and in the sale of the property they would have been proper parties, they were not necessary parties to it. *Jarman* v. *Wiswall*, 9 *C. E. Green* 267, 270.

Again, it is urged that John M. Pruden should have been made a party to this suit. There is no ground for this objection. With respect to him, these defendants stand in the place of principals, as to the deficiency, and he in that of surety only. Should it appear to be necessary for their protection that he should be made a party defendant, this court has power to make order accordingly. It does not so appear now. It has been held in New York, that a mortgagee may maintain a personal action at law for the money due on the mortgage against a grantee of the mortgaged premises who has assumed to pay the mortgage, and may pursue the remedy without foreclosing the mortgage, and without joining the mortgagor as a defendant. *Burr* v. *Beers*, 24 *N. Y.* 178. This is on the principle that, if one person make a promise to another for the benefit of a third person, that third person may maintain an action on the promise. *Lawrence* v. *Fox*, 20 *N. Y.* 268; *Joslin* v. *N. J. Car Spring Company*, 7 *Vroom* 141.

The demurrer will be overruled, with costs.