VAN HORN *vs.* POWERS and others.

1. A statement in a deed that the grantee assumes the payment of a mortgage on the property, does not entitle the mortgagee in a suit for foreclosure of the mortgage to a decree for deficiency against such grantee, where the grantee was ignorant of the conveyance, never gave her consent to its being taken in her name, and never in any way accepted it.

2. Nor, in such a case, can a decree for deficiency be made against the husband of the grantee, who caused the deed to be taken in the name of his wife for the purpose of securing the property from his creditors.

On final hearing, on pleadings and proofs.

*Mr. W. A. Lewis,* for complainant.

*Mr. E. J. Powers,* pro se.

THE CHANCELLOR.

The suit is for the foreclosure and sale of mortgaged premises in Hudson county. The mortgage was given by Sarah A. Trussler and her husband to the complainant, and was upon the premises at the time when Mrs. Trussler and her husband conveyed the property to Mrs. Powers. The deed to Mrs. Powers contains the statement that she assumed the payment of certain mortgages on the premises, one of which was the complainant's. The defence of usury set up in the answer of Powers and wife, is not sustained. The complain-

ant is entitled to a decree for the amount due on his mortgage, with a decree for deficiency against Edward J. Trussler, whose bond the mortgage was made to secure. He is entitled to no decree for deficiency against Mr. Powers; nor is he entitled to any against Mrs. Powers. It appears that she knew nothing of the transaction in which the conveyance was made to her. It was wholly her husband's. Nor did she know of the existence of the deed. It is true she admits, by her answer, that the property was conveyed to her, but she never accepted the conveyance in any way. The consideration was the money and property of her husband, and he took the deed in her name, without her consent or knowledge of his intention to do so, and for the purpose of screening the property from his creditors. It does not appear that she had then, or has now, any separate estate.