MATILDA C. BULL, executrix,

*v.*

ENOS W. .TITSWORTH and others.

A mortgagee can derive no advantage from a covenant of assumption in a deed if the covenant be invalid between the parties to the deed—*e. g.*, where there was no agreement for assumption, and though the deed contained the covenant, and was delivered, the covenant escaped the notice of the grantee, it being inserted in an unusual place in the deed.

---

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. R. E. Chetwood*, for complainant.

*Mr. J. H. Jackson*, for Titsworth.

THE CHANCELLOR.

The complainant prays a personal decree for deficiency against the defendant, Enos W. Titsworth.  She bases her claim to such decree on an assumption on the part of Mr. Titsworth to pay her mortgage contained in a deed from Caleb B. Reeve and wife to him.   The proof is clear that the assumption in question was not inserted in the deed by Titsworth's direction, or with his consent.   Nor was it part of the agreement made on the purchase of the property.   It appears that when he accepted the deed he was not aware that it contained the clause.   Though he then examined the deed and expressed his satisfaction with it, he testifies that he did not notice the agreement of assumption.   It was not in the part of the deed in which such an agreement is usually written, at the end of the description of the property, but in a part where it is very seldom found, among the covenants.   At the end of the description there was a statement that the property was con-

veyed subject to the mortgage. It is extremely probable that the agreement of assumption escaped his attention. When he subsequently perceived it he went to the agent of the grantor, through whom he had bought the property, and complained of it, and he then declared to him, as he did very soon afterwards to the grantor, that he would not be bound by it. He sought to rescind the contract of sale on that account, offered to surrender the deed to the grantor on receiving back the bond (a railroad bond of $1,000) which he had given as consideration for it, and when the grantor stated that he was unable to return the bond to him, he offered to surrender the deed on receipt of $50, which offer the grantor declined.

Under the circumstances he would be entitled to relief against the assumption were he to apply to this court to reform the deed by expunging it. The complainant's claim to a decree for deficiency against him is based on his liability to indemnify his grantor against the mortgage. Inasmuch as that liability does not exist in equity, the complainant is not entitled to the decree. *Crowell* v. *Hospital of Saint Barnabas,* 12 *C. E. Gr.* 650.