HARTMAN C. VREELAND, appellant,

*v.*

JOHN B. VAN BLARCOM, admr. of Benjamin Geroe, deceased, respondent.

1. A covenant to assume a mortgage, for the payment of which the covenantee is personally responsible, binds the covenantor to pay the same.

2. An agent cannot exact from his principal any advantage growing out of a contract made by the agent in his principal's name, unless the principal has expressly authorized or ratified it, with knowledge that such advantage would accrue.

On appeal from a decree of the chancellor, based on the following opinion of John Hopper, esq., advisory master:

The bill in this case was filed to recover a deficiency existing after a foreclosure and sale of the mortgaged premises. The suit and proceedings for foreclosure and sale were had in Passaic county circuit court. No claim for deficiency was made in the bill in that case in the circuit court. Defendant's solicitor admitted the foreclosure proceedings in the circuit court, the

amount of sale and the deficiency as stated in the bill of complaint in this cause.

The solicitor of the defendant claimed—

1. That there being no prayer for deficiency in the bill for foreclosure in the circuit court, the complainant cannot sustain a suit for the deficiency in the court of chancery. This claim I did not allow.

2. That the deed of conveyance from Moses to Brown contains "no assumption or promise" by Brown "to pay the said mortgage of complainant." This claim I did not allow.

3. That in the conveyance by Brown to the defendant the promise of the grantee to pay the said mortgage was not made " to a party personally liable for the said mortgage debt," and cannot be carried to the benefit of Geroe or his administrator, the complainant. This claim I did not allow.

4. That the premises having been sold under the decree of foreclosure and purchased by the complainant in his representative capacity as administrator, the complainant holds the property in place of the mortgage, to be treated by him as personal property in his accounting as administrator; but, even if this is not so, the defendant cannot be held for the deficiency until the value of the mortgaged premises shall have been ascertained. This claim was not pressed on the argument, and was not allowed.

5. That the defendant, for over twenty years, has suffered, and still suffers, from physical infirmities, which prevented him from personally attending to his business affairs; that in consequence thereof, Geroe, in his lifetime, under a general power of attorney, took charge of and managed the business affairs of the defendant, until the death of said Geroe; and that Geroe procured the sale of the premises from Brown to the defendant, he, Geroe, having a mortgage upon them, and, without informing the defendant thereof, inserted in the deed the promise to pay the mortgage. This claim I did not allow, having first heard the defendant as a witness on his own behalf.

6. That the assumption of the payment of said mortgage, contained in the deed from Brown to the defendant, was inserted

by Geroe for his own benefit as the owner of said mortgage, and to the injury of his principal, the defendant. This claim I did not allow.

Thereupon I find that the complainant is entitled to recover from the defendant the sum of $3,887.97, as deficiency &c. and advise a decree accordingly.

*Mr. Henry A. Williams*, for appellant.

*Mr. Isaac Van Wagoner*, for respondent.

The opinion of the court was delivered by

DIXON, J.

Benjamin Geroe was the holder of a mortgage on lands of Anna M. Moses, securing a bond for $7,000, given by her and her husband to said Geroe. Subsequently, Moses and wife conveyed the lands to Reuben V. Brown, by a deed reciting that the land was subject to said mortgage, and adding the words, "which said party of the second part assumes." Thereafter Brown conveyed to the defendant, Hartman C. Vreeland, by a deed containing a clause to the effect that the grantee assumed the payment of the mortgage. The complainant, administrator of Geroe, seeks to hold Vreeland on said assumption, for a deficiency due on the bond after exhausting the mortgage security.

The defendant first insists that the covenant in the deed to Brown did not bind him personally to the payment of the mortgage debt, and hence the covenant in the deed to the defendant did not enure to the benefit of the mortgagee. The claim is that *to assume a mortgage* is not equivalent to an agreement *to pay the debt*. The language, however, clearly imports that the covenantor takes something upon himself personally with reference to the mortgage. Presumptively, this must be something beneficial to his covenantees, else they would not have required it; and I can perceive no personal obligation beneficial to Mr. and Mrs. Moses which the parties could have intended that Brown should have assumed concerning this mortgage, except

Vreeland *v.* Van Blarcom.

the duty of payment, which rested upon them. The language of the covenant bound Brown, we think, to pay the mortgage. *Sparkman* v. *Gove, 15 Vr. 252.*

This brings us to another position of the defendant, that Geroe's representative cannot take advantage of this alleged promise of the defendant, because of the circumstances under which it was inserted in the deed.

The answer and testimony make plain the following facts: That the defendant is, and for many years has been, mentally imbecile; that Geroe had charge of his affairs, as his agent and *quasi* guardian; that Geroe mainly negotiated, on behalf of the defendant, the exchange of properties in which the deed containing the alleged assumption was given; that Geroe himself prepared the deed, and was present at its delivery; that the defendant had no knowledge of the clause binding him to pay the mortgage; and that the mortgage was not, so far as even the grantor, Brown, can recollect, a subject of conversation between either himself and Geroe, or himself and the defendant. These facts lead to the conclusion that Geroe, while acting as agent of the defendant, inserted this term in the contract between his principal and Brown, to increase his principal's burdens for his own personal benefit, without the authority or knowledge of his principal, and without its being demanded by Brown. This conclusion establishes the invalidity of the complainant's claim in this cause. An agent cannot exact of his principal any advantage growing out of a contract made by the agent in his principal's name, unless the latter has expressly authorized or ratified it, with knowledge that such advantage would accrue. *Story on Agency* §§ *207, 210, 211.*

For this reason the decree in the complainant's favor, rendered on advice of the advisory master, should be reversed, and the bill dismissed, with costs.

*Decree unanimously reversed.*