PETER B. RANDOLPH et al., administrators,

*v.*

JOHN F. WILSON.

On a suit for deficiency, after the foreclosure of a mortgage, against a vendee of the premises, whose assumption of the payment of the mortgage appears in his deed, the defence that he never assumed its payment and that the assumption was inserted in his deed by mistake, ought to be set up by cross-bill, and if set up by answer the burden of proof still remains on him.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. W. B. Maxson,* for complainants.

*Mr. J. J. Bergen,* for defendant.

THE CHANCELLOR.

This suit is brought to obtain a decree for deficiency. The complainants' intestate, Elknah F. Randolph, deceased, at his

death held a bond and mortgage for $5,000 and interest, given to him by Florens Schetter, October 1st, 1874.   The mortgage was on land in Plainfield, and was given to secure the payment of purchase-money.   Schetter conveyed the mortgaged premises in fee to Wilson, the defendant, by deed dated January 8th, 1875. The deed contained a clause of assumption of the mortgage by the grantee, and an agreement on his part to pay it as part of the consideration of the conveyance.   Under a decree of fore-closure, in a suit brought by the complainants, the mortgaged premises were sold October 26th, 1881, for $2,500, leaving a deficiency of $2621.83, with interest from June 13th, 1881. The property was bought in at the sheriff's sale for the defend-ant, who was the owner thereof when the sale took place.   The defence is that the clause by which the defendant agreed to assume and pay the mortgage was inserted in the deed contrary to the bargain for the property between Schetter and the defend-ant, and against the instructions given by the latter to the lawyer who drew the deed, and who, according to the answer, was the defendant's own attorney and conveyancer.   The defendant alleges that by the agreement he was not to assume or pay the whole of the mortgage, but only $500 of the principal.   He also says in his answer that he clearly and distinctly told the lawyer what the agreement was, and requested him to see that the deed was drawn in conformity with it.   It is very obvious that this defence which assails the mortgage deed itself cannot be maintained on any less evidence than would be sufficient to in-duce the court to reform the instrument, by altering the assump-tion clause in accordance with the defendant's claim, in a direct proceeding to that end.   Under the clause, as it stands, the de-fendant is clearly liable.   While he cannot dispute that fact, he avers that in equity he ought not to be liable, that the clause itself is erroneous and he in effect asks that it may be rectified so as to be in accord with what he says was the agreement.   The burden of proof is on him, and he is to convince the court by proof, that the correction ought to be made.   This defence should regularly be set up by cross-bill, but this court has enter-tained it when set up by answer without cross-bill in cases of

Randolph v. Wilson.

claim for deficiency, from the consideration that if the matter can be satisfactorily tried without a cross-bill, a regard to economy and a desire to favor simplicity in the mode of presenting the issue, recommend the method. But in all cases in which the defence has been so set up, the court has required the same amount of proof which would have been required had the issue been presented on a cross-bill, and has laid the burden of proof on the defendant. Here there is no evidence in favor of the defence except the defendant's own testimony as to what he says the bargain was, and what he says Schetter "conceded" in a conversation with him in the city of New York during the progress of this suit. It is almost too obvious for remark that the defendant's statement of what Schetter, who was not a witness in the cause, " conceded," as the defendant says, the complainants not being present, is not competent evidence. If it were, it may be observed, the " concession "—admission—as stated by the defendant, is not even corroborative of the latter's testimony as to the agreement. He says that he told Schetter that the complainants were pressing him for the payment of the mortgage, claiming that he had assumed to pay it, and he says he, the defendant, said he had bought the property subject to the mortgage, and Schetter did not deny it but admitted that it was a fact that he, the defendant, had bought the property subject to a mortgage. He does not say that Schetter admitted that the defendant did not assume to pay the mortgage subject to which he bought the property. Nor does the defendant's attorney (who drew the deed) corroborate him. On the contrary, he swears he followed the instructions he received in putting in the assumption. He says he is certain that he had positive instructions to put that clause in the deed—that if he had not he would not have put it there. All the competent evidence there is in favor of the reformation is the testimony of the defendant that he did not agree to assume the whole of the mortgage but only $500 of it. Opposed to this, it is urged, is the fact that he not only paid the $500, but repeatedly before this bill was filed promised to pay the rest of the principal. But that is not of much importance, since one who has not assumed to pay a mortgage, but

merely bought the property subject to it, might well be disposed to pay the mortgage to save the property, and if there was, in fact, no assumption, such promise would be without consideration and not be binding.     It is enough to say that there is no sufficient proof of mistake.

On the hearing the defendant urged that the covenant of assumption being one of indemnity to the grantor, is now at an end, and that the complainants therefore cannot have recourse to it.     This defence is based on the fact that more than six months have elapsed since the foreclosure sale, and that the act of 1881 (*P. L. of 1881 p. 184*) provides that where a bond and mortgage are given for the same debt, suit must first be brought on the mortgage, and that suit on the bond for deficiency must be brought in six months after such sale.

Without considering the constitutionality of that act with reference to claims where, as in this case, the bond and mortgage were given and the assumption made before the passage of the act, it is enough to say that this suit was brought within six months after the sale, while as yet suit for deficiency against the grantor was not barred by the terms of the act.    The sale took place October 26th, 1881, and the bill was filed March 15th, 1882.    There will be a decree in favor of the complainants.