MARIA H. EAKIN

*v.*

KATE L. SHULTZ et al.

[Filed October 24th, 1900.]

A stipulation in a deed of conveyance *inter partes* that the grantee shall assume and pay a prior mortgage on the premises, is a contract with the grantor simply for his indemnity and will not be regarded as a contract with the mortgagee for his benefit.

On demurrer to bill.

*Messrs. Watkins & Avis,* for the demurrant.

*Mr. Isaac O. Acton,* for the complainant.

REED, V. C.

The bill was filed to collect a deficiency due upon a mortgage after the application of the proceeds of the sale of the mortgaged property to the mortgaged debt.

The mortgage was made by Martin Kates to Joseph Quest in October, 1849. This mortgage, through certain intermediate assignments, became the property of the complainant.

The mortgaged property, through certain intermediate conveyances, became the property of Joseph Humphreys, Sr. Upon his death it descended to his heirs, to one of whom, Samuel Humphreys, all the remaining heirs quit-claimed their interest. Samuel Humphreys died, and the administrator of his estate, by order of the orphans court, sold the property to Edward Shoemaker. On March 4th, 1874, Shoemaker and wife sold the property to John W. Shultz. It does not appear that in any deeds made by the several owners from the mortgagor down to Edward Shoemaker, was there an assumption of the mortgage debt in question. In the deed from Shoemaker to Shultz there was an

assumption of four mortgages, of which the present mortgage was one.

Shultz died leaving all his property to his wife for life, with remainder to their children. Upon the settlement of the estate of her husband there was a balance of $992.60 paid to her, a part of which balance, under a power contained in her husband's will, she invested in the purchase of a house and lot. This bill claims a lien upon the purchased property and upon the rest of the said balance.

The ground of attack upon the bill assigned in the demurrer is that it does not appear that Edward Shoemaker, the immediate grantor of John Shultz, who assumed the payment of the mortgage, and whose heirs and devisees are defendants, was personally liable for the payment of said mortgage debt.

It is entirely settled that the purchaser of lands subject to a mortgage, who assumes to pay the mortgage debt, becomes as between himself and the vendor a principal debtor, and the liability of the vendor is that of surety. The contract of the vendee is one of indemnity to the vendor solely. *Klapworth* v. *Dressler, 2 Beas. 62; Hoy* v. *Bramhall, 4 C. E. Gr. 563; Crowell* v. *Hospital of St. Barnabas, 12 C. E. Gr. 650, 655; Mount* v. *Van Ness, 6 Stew. Eq. 262.*

In equity a grantor may have the benefit of all collateral obligations for the payment of a debt which a person standing in the position of surety for others holds as indemnity. It is upon this ground that a mortgagee may pursue, in equity, the grantee upon his assumption of the mortgage debt. And if the grantor is not personally liable for the mortgage debt, the mortgagee cannot look to the grantee personally at all, because the assumption is one of indemnity, and there is nothing against which to indemnify. *Norwood* v. *De Hart, 3 Stew. Eq. 412; King* v. *Whitely, 10 Paige 465; Mount* v. *Van Ness, 6 Stew. Eq. 262, 265.*

Inasmuch as there does not appear to have been any personal obligation imposed upon Edward Shoemaker to pay the mortgage, Shultz's assumption is a nullity and worthless to the complainant. There must be a decree for the demurrant.