JONATHAN W. ACTON, substituted administrator,

*v.*

KATE L. SHULTZ et al.

[Decided February 7th, 1905.]

1. Where, in an action against distributees of a decedent who had assumed payment of a bond and mortgage as a part of the consideration for the purchase of land encumbered thereby, it was alleged that the bond was payable at the death of a certain widow, who died April 15th, 1904, the cause of action did not accrue until that date, so that a failure of the obligor to pay interest for sixteen years prior to the filing of the bill shortly after the widow's death was ineffective to bar the action, under 2 *Gen. Stat. p. 1975 § 6,* barring a debt under seal on which no payment has been made within sixteen years.

2. A demurrant may present, *ore tenus,* an additional ground of demurrer.

3. It is not necessary that the holder of a bond alleged to have been assumed by defendant's testator should have presented it as a claim against his estate in order to entitle the holder to proceed to enforce defendants' statutory liability as distributees for the payment of the bond.

4. Where complainant had no lien on personal assets of a deceased person he could not maintain a suit in equity against distributees of such assets to subject them, or lands purchased therewith, to the payment of a bond on which deceased was liable, complainant's remedy at law being complete and adequate.

---

On demurrer to bill.

*Messrs. Watkins & Avis,* for the demurrants.

*Mr. I. Oakford Acton, contra.*

MAGIE, CHANCELLOR.

This is a demurrer to a bill for lack of equity.

The purpose of the bill is to obtain a decree against certain persons, interested in the estate of John W. Shultz, deceased, requiring them to pay a bond, given by Edward Shoemaker on February 27th, 1871, to one Sumerill, the administrator of Samuel Humphreys, deceased, conditioned for the payment of $211.66 at the death of Elizabeth, the widow of Samuel Humphreys, with interest. It states that Shoemaker, on March 4th, 1874, conveyed to John W. Shultz certain land on which Shoemaker had given a mortgage to secure said bond, and that Shultz had assumed the payment of that mortgage.

The sole cause of demurrer assigned is that the bill fails to show that Shoemaker remained personally liable upon the bond. The contention thereon is, that upon the statements of the bill, the statute of limitations had barred any action against Shoemaker upon said bond, and that, as his liability had ceased, no liability can be enforced against one who had assumed the payment of the bond or the mortgage securing it upon a purchase of the mortgaged premises. *Norwood* v. *DeHart, 30 N. J. Eq. (3 Stew.) 412; Eakin* v. *Shultz, 61 N. J. Eq. (16 Dick.) 156.*

This ground is insufficient to support the demurrer. The statement of the bill that the bond was conditioned for the payment of the principal sum at the death of Elizabeth, the widow of Samuel Humphreys, is accompanied with a statement that Elizabeth Humphreys died April 15th, 1904. Therefore the cause of action did not accrue until that date, and the argument that because the bill does not aver payment of interest by Shoemaker within sixteen years previous to the filing of the bill, is ineffective to make applicable the provision of section 6 of the statute of limitations. *2 Gen. Stat. p. 1975.*

It is further claimed by the brief of counsel that the bill is demurrable because it seeks to enforce the payment of the principal of the bond in question, with interest since the death of

Elizabeth Humphreys, out of the personal estate of John W. Shultz (who assumed the payment of the mortgage securing the payment of the bond) which has come to the hands of the defendants, who are not his personal representatives, but are only charged to have received from his executor the personal property accounted for by the executor. The argument is that the bill is defective because it fails to show that any claim had been presented to Shultz's executor for the payment of the bond in question, either by Sumerill who, as administrator, was the obligee thereof, or by the complainant, who appears to be the substituted administrator of Samuel Humphreys.

A demurrant may present, *ore tenus,* an additional ground of demurrer.

If the relief in this cause were sought from the defendants as heirs-at-law or devisees of John W. Shultz, no claim need to have been presented to his administrator or executor, in order to justify a resort to the remedy provided by statute making them answerable for debts of their ancestor to the amount of assets. *Stone* v. *Todd, 49 N. J. Law (20 Vr.) 274.* But such relief is obtainable only by an action at law. *Mutual Life Insurance Co. v. Hopper, 43 N. J. Eq. (16 Stew.) 387; S. C., 44 N. J. Eq. (17 Stew.) 604; Edward v. McClave, 55 N. J. Eq. (10 Dick.) 151; S. C., 55 N. J. Eq. (10 Dick.) 822.*

The bill makes no charge that any real estate descended or was devised to the defendants from John W. Shultz. It relies for relief on these statements—*first,* that Shultz's executor settled an account of said Shultz's estate on April 25th, 1891, which exhibited a balance in his hands of $992.66; and *second,* that the executor paid such balance to Kate L. Shultz, who invested a portion of it in the purchase of a house and lot, pursuant to authority conferred upon her in Shultz's will. What became of the uninvested portion is not made to appear, nor is it made to appear what title accrued to the defendants in the house and lot thus purchased. But complainant claims a lien on the said house and lot in which a portion of the money was invested, and on the uninvested amount, and prays a decree for payment thereout of the bond in question.

Notwithstanding the holder of the bond in question could not enforce the payment of the principal until the death of Elizabeth Humphreys in 1904, it may perhaps be questionable whether he could not have presented to Shultz's executor a claim as for a debt not yet due, under section 69 of the Orphans Court act of 1898. *P. L. 1898 p. 739; Crater v. Smith, 42 N. J. Eq. (15 Stew.) 348; S. C., 43 N. J. Eq. (16 Stew.) 636.*

But the complainant is seeking relief in respect to the personal estate of John W. Shultz, or the lands purchased by the proceeds thereof. In such case the complainant's remedy is at law and not in equity, unless some right of lien is made to appear. *Mutual Life Insurance Co. v. Hopper, 43 N. J. Eq. (16 Stew.) 387; S. C., 44 N. J. Eq. (17 Stew.) 604.*

The bill fails to disclose whether any decree barring suit against the executor of Shultz was made upon the settlement of the estate. If none was made, possibly a suit may now be maintained against the executor. If a decree barring action against him was made, the executor was bound to require a refunding bond to be given upon the payment of the distributive shares under Shultz's will. Section 78, Orphans Court act (*P. L. 1898 p. 742*). If he failed to take such a bond he may be liable If he exacted and received such a bond the creditors may resort thereto. All such relief, however, can be afforded by actions at law. As there is nothing to indicate any lien upon the personal property or the lands in which a portion of the property has been invested, and as, in my judgment, an action at law will afford the remedy sought by complainant, there is no ground for resorting to a court of equity, and the demurrer, for lack of equity, must be sustained.