# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

**NOVEMBER TERM, 1915.**

---

THE HOLLAND REFORM SCHOOL SOCIETY

*v.*

JACOB DeLAZIER et al.

[Submitted July 6th, 1915. Decided March 6th, 1916.]

A has a right of action against B for the breach of a covenant contained in a deed from A to B by which the latter assumed to pay an outstanding mortgage upon the premises conveyed. B has a right of action against C arising out of the breach by C of a similar covenant contained in a deed for the same premises made to him by B. A further has an equitable right to enforce against C by way of subrogation the covenant of assumption contained in the conveyance by B to C.—*Held*, that equity has jurisdiction to settle in a single suit the diverse rights and obligations of the parties arising out of the breaches of these two covenants of assumption.

32 (497)

On appeal from a decree of the court of chancery advised by Vice-Chancellor Griffin, whose opinion is reported in *84 N. J. Eq. 442.*

*Messrs. Ward & McGinnis,* for the appellant.

*Mr. Francis Scott,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by the complainant to compel the two defendants, Jacob DeLazier and the Lewis Greasecup Company, to pay to it the sum of $1,306.96, with interest, the amount of a deficiency remaining after the sale of mortgaged premises under a decree of foreclosure. The defendant DeLazier demurred to the bill, and on the hearing the vice-chancellor, to whom the matter was referred, considering that none of the causes of demurrer which were specified in that pleading were of legal merit, advised its dismissal; and it was so ordered.

From the order of dismissal DeLazier appealed, and now contends that the following cause of demurrer specified by him was well founded, viz., that the subject of the suit was not within the jurisdiction of the court of chancery, and that upon the face of the bill of complaint it appeared that the relief sought thereby lay solely in a court of law.

The following are the facts set out in the bill which are material for the purpose of determining the soundness of appellant's contention:

The mortgage which was the subject of the foreclosure suit, was made by the complainant while it was the owner of the premises covered thereby.

After the making and delivery of this mortgage, and of the bond which it was given to secure, the complainant conveyed the mortgaged premises to the defendant DeLazier, the deed containing a covenant by him assuming the payment of the bond and mortgage.

Some time later DeLazier conveyed the premises to the defendant the Lewis Greasecup Company; and this defendant, in turn, by a covenant contained in the deed to it, assumed the payment of the bond and mortgage.

The Lewis Greasecup Company, about a year after it became the owner of the mortgaged premises, defaulted in the payment of the interest due upon the mortgage and (the principal sum also being due and unpaid) the holder foreclosed the mortgage, the property was sold to pay the debt secured thereby, and a deficiency of $1,306.96 remained after applying the proceeds of the sale to the payment thereof.

The complainant in the foreclosure suit then brought an action at law on the bond against the maker thereof—the present complainant—for this deficiency, and in due course recovered a judgment therefor, with interest, which the latter was compelled to, and did, pay. Other facts are set out in the bill, to which, however, we do not now refer, as they have no bearing on the question raised by the appeal.

On the facts recited the following legal situation arises:

*First.* The present complainant has a right of action against the defendant DeLazier for the damages sustained by it through DeLazier's breach of the covenant of assumption contained in the deed from the complainant to him. This right is a legal right, enforceable in a court of law.

*Second.* The defendant DeLazier, should he satisfy the complainant's claim, will have a right of action at law against the Lewis Greasecup Company, for the breach of its covenant of assumption contained in the deed from him to it.

*Third.* The obligation of the Lewis Greasecup Company, arising out of its covenant of assumption, is one which the complainant is entitled to enforce against it by way of subrogation. *Green* v. *Stone, 54 N. J. Eq. 390.* But that right is an equitable, not a legal, one, and only enforceable in the court of chancery.

*Fourth.* As between the two defendants, DeLazier and the Greasecup company, the latter, by reason of its assumption of the mortgage debt, is the principal debtor, and equity requires that

the Greasecup company should make good to the present complainant the amount paid by it in satisfaction of the deficiency, and so relieve DeLazier from the legal liability resting on him by reason of the breach of his covenant of assumption.

That a court of equity is the only forum in which these various rights and obligations of the complainant and of the two defendants can be adjudicated upon in a single suit in such a way as to do complete justice to each of the parties is apparent. That it has jurisdiction to settle and enforce such rights and obligations, in order to avoid circuity of action, is undoubted. *Pruden* v. *Williams, 26 N. J. Eq. 212; Biddle* v. *Pugh, 59 N. J. Eq. 480, 490.*

The complainant, having invoked the aid of a court of equity, must do equity. On the facts stated in the bill, if they shall be substantiated by proof, the complainant will be entitled to a decree against each of the defendants in the order of their liability—that is, against the Greasecup company, primarily, and against DeLazier, secondarily, and the *fi. fa.* on the decree should direct the sheriff to satisfy the decree out of the property of the Greasecup company, so far as that can be done before proceeding against the property of the defendant DeLazier.

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR—14.

*For reversal*—None.