This bill seeks to restrain the prosecution of a suit at law brought by the defendant John L. Baker against the complainant to recover the sum of $2,253.35, representing a deficiency judgment entered against Baker in a foreclosure suit in Florida and for which he alleges the complainant is liable; and, also, to fix and determine the rights and liabilities of the complainant and of all the parties defendant to this suit with respect to such deficiency judgment. This controversy arises out of the following state of facts:
In January, 1925, the defendant John L. Baker, with two associates, purchased from Joseph Jackson a lot of land in the city of Miami, Florida, and as a part of the purchase *Page 436 
price executed and delivered to said Jackson a purchase-money mortgage in the sum of $24,000. In the latter part of February, 1925, the complainant purchased this property from Baker and his associates and the deed of conveyance to the complainant contained a clause providing for the assumption and payment of the $24,000 mortgage by the grantee. The deed was dated February 27th, 1925, but settlement was not made until on or about March 12th, 1925, and the deed was subsequently, on March 16th, 1925, recorded through the office of Tatum Brothers, who acted as agents for Baker and his associates in the deal. On March 18th, 1925, the complainant resold the property to the defendant J.E. Lind, who in turn sold a half interest to the defendant Theckla Koops Lind, and the Linds in turn sold the premises to the defendant Samuel B. Finkelstein. Each deed of conveyance succeeding that to the complainant contained the same provision for assumption and payment of the mortgage by the grantee. In March, 1926, Jackson, the mortgagee, foreclosed his mortgage and all grantees of the premises from Baker and his associates to Finkelstein, with the exception of the complainant, were made parties defendant to that action. In fact, the complainant and Mrs. Howell were originally named as defendants but were not brought into court, and the suit was subsequently discontinued as to them. The foreclosure suit resulted in a decree and the sale of the premises for $27,000. The deficiency judgment resulted from the allowance of a $2,500 counsel fee and costs to the attorney of the complainant in the foreclosure action. This judgment was entered against the Baker defendants alone and was subsequently paid by Baker. The complainant had no notice of the foreclosure proceedings or of the deficiency judgment until October, 1927, when Baker's attorney communicated with him and demanded payment by the complainant on the ground of his covenant of assumption in his deed. Payment was refused and in October, 1928, the suit at law, restraint of which is here sought, was begun by Baker against the complainant. Thereupon this bill was filed against Baker and all subsequent grantees of the property *Page 437 
were made defendants, and an adjudication of the rights of the several parties with respect to said deficiency judgment is sought. That this court has jurisdiction to settle all controversies between the parties arising from the state of facts above recited, see Holland Reform School Society v. DeLazier,85 N.J. Eq. 497. None of the defendants with the exception of the Bakers, although duly served, has answered the bill. The defendants Baker have answered and filed a counter-claim seeking a decree against the complainant directing the payment of the deficiency judgment with interest and costs.
The complainant denies liability on the ground that he never accepted the deed of conveyance containing the assumption clause; that it was not the intention of the parties that he should assume and agree to pay that mortgage, and that the assumption clause was inserted in the deed without his knowledge or consent.
It is unnecessary to review in detail the evidence submitted in this cause, but I think it clearly shows that so far as the complainant was concerned there was never any intention on his part to assume or become personally liable for the payment of the mortgage. Williamson, the salesman who carried on the negotiations between the parties, called as a witness for the Baker defendants, testified that there was never any express agreement by the complainant to assume the mortgage, other than that contained in the deed, and that he does not recall such assumption being discussed with the complainant. The settlement was made in Tatum Brothers' office and the complainant was not present. There was some contradiction in Williamson's testimony on this point, but Mrs. Howell also testified that the complainant was not present and the weight of the evidence is to that effect. The deed was sent to the recording office by Tatum Brothers some days after the settlement and it is clear that the complainant did not receive it until sometime later, if at all. Williamson testified that owing to the volume of business passing through the recording office at that period, it required some two or three months for the recording and return *Page 438 
of a deed. That being so, the complainant could not have received the deed until after he had resold the property to Lind which was less than a week after the settlement was made. Although the complainant knew nothing about the assumption clause until demand was made upon him for the payment, this does not relieve him of liability as the deed was undoubtedly accepted by him in a legal sense because he resold the property to Lind, and he could not have resold it without legally accepting the deed and the title which it conveyed. It is settled law in this state that a deed containing a covenant for assumption and payment of a mortgage by the grantee is in effect the mutual deed of the parties thereto and by its acceptance the grantee is bound by the covenant.Finley v. Simpson, 22 N.J. Law 311; Earle v. New Brunswick,38 N.J. Law 47; Sparkman v. Gove, 44 N.J. Law 252; Klapworth
v. Dressler, 13 N.J. Eq. 62; Lorillard v. Union Brick and TileManufacturing Co., 45 N.J. Eq. 289; Green v. Stone, 54 N.J. Eq. 387.
Unless, therefore, the covenant in complainant's deed was the result of mistake or fraud, the complainant is bound. No doubt the complainant could have rescinded the sale had he acted promptly after the discovery of the covenant of assumption and had that discovery been at a time which would have permitted a restoration of the status quo ante; but the complainant cannot now be relieved of liability under the covenant unless it was the result of fraud or mutual mistake. Green v. Stone, supra.
Fraud is not alleged. No doubt there was a mistake on the complainant's part, but there is nothing to indicate that this mistake was mutual. Baker did not testify in this proceeding and there was no evidence indicating that there was any mistake on his part with respect to this covenant and his intention and that of his associates must be inferred from their deed. The only inference that can be drawn from that deed is that the complainant's grantors intended that the deed should contain the covenant in question and that the complainant should be bound thereby. This deed, under the circumstances, could be reformed only on the ground of mutual mistake. Green v. Stone, supra. *Page 439 
In this case the court of errors and appeals held that unless the assumption was put in the deed by mutual mistake no relief from the covenant could be afforded the grantee in a suit against him for deficiency; that if the mistake were unilateral only, the remedy was by rescission at a time when the status quo ante
could be restored; that after foreclosure it was too late for rescission, and that the evidence to warrant reformation of a deed by elimination of the assumption clause must be clear and convincing, and that the evidence in that cause being in conflict was insufficient. It being too late to rescind and no mutual mistake affording a ground for reformation of the deed, I think it is clear that the complainant is liable under the covenant. Of the cases cited by counsel for the complainant in support of the claim that the complainant is not liable, Green v. Stone,32 Atl. Rep. 706, was reversed by the court of errors and appeals in 54 N.J. Eq. 387, and Cordts v. Hargrave, 29 N.J. Eq. 446;Bull v. Titsworth, 29 N.J. Eq. 73; Arnaud v. Grigg, 29 N.J. Eq. 1; Van Horn v. Powers, 26 N.J. Eq. 257; Randolph v.Wilson, 38 N.J. Eq. 28; Vreeland v. VanBlarcom, 35 N.J. Eq. 530,
and Harrison v. Guerin, 27 N.J. Eq. 219, were all cases where the covenant was the result either of mutual mistake or fraud, or the circumstances were such as to leave no question but that there was never any intention by the parties that the covenant should be effective.
But it is claimed on behalf of the complainant that as he was not a party to the Florida foreclosure proceedings he cannot be bound by the decree of that court, and especially by that portion of the decree awarding counsel fees which resulted in the deficiency judgment. But "it is clearly settled in this state that a purchaser of lands subject to mortgage who agrees to pay the mortgage debt becomes, in the consideration of a court of equity, as between himself and the vendor, the principal debtor, and the liability of the vendor, as between the parties, is that of a surety." Biddle v. Pugh, 59 N.J. Eq. 480; Klapworth v.Dressler, supra. And intermediate grantees who have assumed the payment of the mortgage are not necessary parties to a bill to foreclose *Page 440 
either in this state or in Florida. As to the rule in this state see Pruden v. Williams, 26 N.J. Eq. 210; Biddle v. Pugh,supra. As to the rule in Florida, see Phifer v. Abbott,73 Fla. 402; 42 Corp. Jur. 47 ¶ 1562. And that was the opinion of the complainant's witness Cobb, who testified as an expert in Florida law to the effect that unless a deficiency judgment were sought against an intermediate grantee, he was not a necessary party to the foreclosure action. The complainant's omission as a party in the Florida foreclosure suit does not, therefore, preclude a subsequent suit by the mortgagee against him, or any other grantee who had assumed the mortgage; and the position of each grantor conveying by deed containing the assumption clause being that of a surety, and his grantee being the principal debtor, upon payment of the deficiency judgment by the surety, his right of action over against his grantee is plain. It is true that no deficiency judgment would have resulted at all except for the liberal counsel fee allowed by the Florida court, and it is suggested on behalf of the complainant that this court ought now to determine the reasonableness of that counsel fee and reduce the complainant's liability to the extent that it finds the counsel fee unreasonable. But the allowance of any counsel fee was a matter of discretion with the exercise of which by a court of a foreign jurisdiction this court cannot interfere. The reasonableness of the counsel fee fixed by the Florida court cannot, therefore, be questioned here.
Under the circumstances of this case the complainant is, therefore, undoubtedly liable to the defendant Baker for the deficiency judgment and, except for subsequent conveyances containing assumption covenants, would stand in the position of the principal debtor to him. But as amongst several grantee defendants, each of whom has successively assumed the payment of a mortgage, the last grantee is the principal debtor and the prior grantees are sureties only. Holland Reform School Society
v. DeLazier, supra. The primary purpose of this court's entertaining jurisdiction in matters of this kind being to avoid circuity of action, the equities among the *Page 441 
parties require that the decree direct the payment of the defendant Baker's claim by the defendants in the inverse order of their respective titles. Holland Reform School Society v.DeLazier, supra, is decisive on this point. The authorities cited by counsel for the defendant Baker are not applicable. They apply only where several successive conveyances of separate parcels of a single tract of land subject to one mortgage are made to several distinct grantees. I will advise a decree in accordance with these conclusions.