Annie E. Wagner, during her lifetime, executed a bond and mortgage on real estate in Atlantic City to Mary A. Wootton. Thereafter, Mrs. Wagner conveyed the fee in the mortgaged premises to the defendant Pollock, who assumed and undertook to pay the mortgage indebtedness. Thereafter, Mrs. Wootton died and complainants were appointed administrators cum testamentoannexo.
After the conveyance to Pollock, Mrs. Wagner died, testate, and by her last will and testament bequeathed $5,000 to a niece, Mae M. Bachman, and all the rest, residue and remainder of her estate, real, personal and mixed, to William R. Layton, whom she also appointed as executor.
Subsequent to the death of Mrs. Wagner, complainants filed a bill to foreclose the mortgage aforesaid, making as parties defendant Pollock, Layton, as executor of the Wagner estate, Layton, as devisee and legatee under the Wagner will, Layton, as holder of junior encumbrance, and Miss Bachman, as legatee.
On motion of Layton, legatee, this court struck the bill as to him, under the theory that he was not a proper or necessary party, as legatee, to the foreclosure bill. He was continued as a defendant in all other capacities.
The sale of the mortgaged premises under the foreclosure aforesaid resulted in a deficiency and the complainants filed a bill in this court against the defendants Pollock, William R. Layton and Mae M. Bachman, praying "that the defendants may be decreed to pay the complainants" the amount of the deficiency, alleging "that the said Mae M. Bachman and William R. Layton are obliged to pay the deficiency on said bond and mortgage in question because Annie E. Wagner was the obligor on said bond and mortgage and the said Mae *Page 247 
M. Bachman and William R. Layton, as devisees and legatees under the last will and testament of Annie E. Wagner, are liable for the obligations of said Annie E. Wagner on said bond and mortgage, for the said deficiency thereon."
After the filing of the bill of complaint mentioned in the preceding paragraph, William R. Layton died, testate, and by his will nominated William R. Clevenger as executor and, under the will, Annie E. Layton, Laura Patrick, Ida Morton, Harry Layton, John E. Layton and Mollie L.K. Jahn Layton are his legatees and devisees.
Complainants petition this court that their suit "may proceed * * * against the said Louis R. Pollock, Mae M. Bachman and William M. Clevenger, executor of the estate of William R. Layton, deceased, as well as against the above named legatees and devisees of William R. Layton, deceased."
Counsel for the executor of William R. Layton, deceased, objects to the granting of the prayer of the petition and says that in so far as William R. Layton is concerned, the complainants are precluded from maintaining their suit for the deficiency against him, other than as devisees under the Wagner will aforesaid, because (1) Layton, as legatee in the foreclosure proceedings, was not made a party to the foreclosure bill but was expressly dismissed therefrom, and that even had Layton, as legatee, been continued as a party defendant in the foreclosure proceedings, the present suit may not be revived against him as legatee of Mrs. Wagner and, in addition, that Layton's executor is not a proper party.
This raised the question as to whether or not there was a necessity of making Layton, legatee, a party to the foreclosure action under the act of 1932, P.L. 1932 ch. 231 p. 509.
The theory under which the bill was dismissed as to Layton, legatee, defendant in the foreclosure suit, was that the complainants could not succeed as against Layton, as legatee of Wagner, in any action which they might take directly against him as legatee, in an endeavor to collect the deficiency under the foreclosure sale, the theory being that the suit of the complainants to recover from Layton, as legatee, would have to be a suit on the refunding bond given by Layton to *Page 248 
himself as executor at the time of the distribution of the Wagner personalty, and that this action against the refunding bond would be under the provision of section 78 of the Orphans Court act.
In the bill of complaint herein, no suggestion is made by the complainants that the suit against Layton, as legatee of Wagner, is through the medium of an order of the Orphans Court permitting a suit on the refunding bond, nor is there any allegation in the bill of complaint seeking for an accounting and discovery in the Wagner estate.
The fact is, as admitted by all parties, that the Wagner estate was settled in 1927, and that releases and refunding bonds were given and are on file and of record with the surrogate of Atlantic county, and that no claim was ever filed against the Wagner estate by Mrs. Wootton or her representatives.
If Clevenger, as executor of Layton's estate, were seeking to bar complainants' suit against Layton as legatee, merely because the complainants did not give Layton, as legatee, notice under the act of 1932, aforesaid, this court would be, in duty bound, to correct any error that it may have fallen into in striking the bill to foreclose as against Layton, as legatee, because it was on Layton's motion that he was dismissed as a party (legatee) thereto and the reason alleged by him was that he was not a necessary or proper party, either under the statute aforesaid or otherwise.
But it seems to the court that the complainants are not entitled to a revival of the suit as against Layton, as legatee, under the present form of the bill of complaint, both by reason of the fact that the order striking the bill to foreclose, as to him, completely eliminated him as a party to the foreclosure suit, as legatee of Mrs. Wagner, and for the further reason that there was no personal liability on Layton as legatee of Mrs. Wagner to pay any debt due by her by reason of deficiency in the foreclosure suit. The most that could be done by the creditor was to sue on the refunding bond.
In McCarthy v. Mullen, 82 N.J. Law 379, Thomas Flynn was indebted to plaintiff and died testate, devising and *Page 249 
bequeathing his real and personal property to one Timothy Flynn. Timothy Flynn died, also testate, appointing Mullen executor. Plaintiff sued Mullen as executor of Timothy Flynn's estate. The court held:
"An action at law would not lie against Timothy, as legatee, for the debt of Thomas. The creditor should sue Thomas' executor, or, if barred of such suit, should proceed as provided in the Orphans Court act. P.L. 1898 p. 742 §§ 77, 78." And further: "The executor of an executor does not represent the first testator."
So in the instant case, an action will not lie against William R. Layton for the debt of Mrs. Wagner and complainants may not sue Layton's executor.
In Acton v. Shultz, 69 N.J. Eq. 6, it is pointed out thatin the absence of a decree barring creditors a suit might "possibly" be maintained against the executor in the event of the executor's failure to take a refunding bond, but that if such a bond had been taken, the "creditors may resort thereto."
It would seem that, prior to the Orphans Court act, there was no right of action by a creditor against a legatee for an obligation of a testator. Counsel say their research discloses no authority for such an action (I find none) but that the only remedy was through the executor or administrator to compel a legatee to refund. Newman v. Barton, 2 Vern. 205; 23 Reprint733 (decided in 1690); Hodges v. Waddington, 2 Vent. 360;86 Reprint 485 (decided in 35 Car. II.); Anon., 1 Vern. 162;23 Reprint 388 (decided in 1683); Noel v. Robinson, 1 Vern.90; 23 Reprint 334 (decided in 1682).
Inasmuch as refunding bonds were filed in the Wagner estate, there is no call for equitable relief to compel a refund such as was dealt with in Liberty Title and Trust Co. v. Stevens,115 N.J. Eq. 506 (at p. 513).
The case of Ticknor v. Harris, 14 N.H. 272;30 Am. Dec. 186, deals with the subject hereinabove discussed and points out that:
"There is no provision by the common law or by English statutes in amendment of it before the revolution * * * *Page 250 
for the maintenance of an action at law by a creditor of an estate against a legatee, to recover his debt."
The suit may be revived as against Layton, as devisee of Mrs. Wagner, and as against his devisees.
As pointed out in McCarthy v. Mullen, supra, as well as inSt. Mary's Church v. Wallace, 10 N.J. Law 311, a devisee may be sued on the obligation of his devisor and is liable to the extent he received real estate from such devisor, and that when such a devisee dies and, in his will, in turn devises real estate, then those devisees are liable for the original testator's obligations to the extent they receive real estate which came from the original debtor testator.
As heretofore pointed out, the bill of complaint merely seeks to collect a debt on the deficiency arising through the foreclosure sale aforesaid. The bond accompanying the foreclosed mortgage was that of Mrs. Wagner, and Mr. Pollock assumed the mortgage debt. The result is that an action at law will not lie against Pollock. Shute v. Taylor, 61 N.J. Law 256.
It may well be that in view of the impossibility of determining in one suit at law the liability of each of the defendants and the extent thereof that this court is the proper tribunal to attain that end. If so, an order having been obtained from the orphans court permitting the suit on the refunding bond, would overcome objection on that score and, while it is true that equity does not ordinarily have jurisdiction in suits or refunding bonds, it may well be that under the circumstances of the instant litigation, equity will assume jurisdiction, but these are not matters now presently before the court and cannot be before the court on the pleadings as presently presented.
An order will be advised denying the prayer of the petition as to Layton, legatee of Wagner, and as to Clevenger as executor of Layton, but the order may provide that the suit be revived against the devisees of Layton, but even then the pleadings will require amendment and the form of the order submitted will not suffice. *Page 251