George B. Daetz and wife executed to John W. and Christine Meyer their bond for $8,000 and secured the same by their mortgage covering 58 Garrison avenue, Jersey City. Subsequently a deed was given by Daetz and wife to the defendant Paul C. Supinski for the stated consideration of $1 and other consideration, in which deed it is recited that the conveyance was subject to said mortgage. Thereafter Supinski conveyed to Herman Rausch and Minnie his wife *Page 586 
by deed reciting that the conveyance is "subject to a mortgage in the sum of $8,000 now a lien on said property, which the parties of the second part assume and agree to pay." Herman Rausch died May 20th, 1935, his wife surviving him and as a tenant by the entirety, she became the owner of the mortgaged property. She died August 4th, 1937, leaving a will by which she devised premises 10 Wayne street to her adult children Bennie, Victor and Elmer and her minor children Simon and Ruth as tenants in common (which premises were sold under foreclosure of another mortgage prior to the commencement of this suit) and she devised 150 Newark avenue and 231 Bay street to said minor children Simon and Ruth, as joint tenants (which premises said minors still own) and she devised the premises covered by the Meyer mortgage to her said five children as tenants in common.
Complainant became the owner of the Meyer bond and mortgage bymesne assignments and on February 8th, 1938, filed his bill to foreclose, naming as defendants Paul C. Supinski, and Bennie, Victor, Elmer, Simon and Ruth Rausch as heirs and devisees under the will of Minnie Rausch, and the said Bennie and Elmer Rausch as executors and trustees under said will and as guardians of the person and property of said Simon and Ruth Rausch. In the foreclosure proceedings a final decree was entered and June 9th, 1938, the mortgaged premises were sold to complainant for $100, leaving a deficiency due complainant of $10,130.16. The instant suit was brought by bill filed June 30th, 1938, against Supinski; the said five children of Minnie Rausch as heirs and devisees under her will; her executors and trustees and the guardians of the person and property of her two minor children, to recover the amount of said deficiency.
1. A provision in a deed conveying mortgaged premises that the grantee shall assume and pay the mortgage debt, is a contract with the grantor for the latter's indemnity and the grantee's obligation enures in equity for the benefit of the mortgagee, who may enforce it against the grantee. Green v. Stone, 54 N.J. Eq. 387; Teitz v. Meano, 107 N.J. Eq. 210. The mortgagee may join successive grantees who have assumed payment of the mortgage, as defendants in one suit *Page 587 
in equity to obtain a decree establishing their liability to him, which decree may also settle the liability of the grantees as between themselves. Such a suit is cognizable in equity in order to avoid circuity of actions (Holland Reform School Society v.DeLazier, 85 N.J. Eq. 497; Howell v. Baker, 106 N.J. Eq. 434;Feitlinger v. Heller, 112 N.J. Eq. 209), and the original obligor is not a necessary party to it (Pruden v. Williams,26 N.J. Eq. 210; Green v. Stone, supra; Mann v. Bugbee, 113 N.J. Eq. 434; Fisk v. Wuensch, 115 N.J. Eq. 391). If defendant Supinski assumed and agreed to pay the mortgage debt (which is denied) and if the Rauschs likewise assumed payment of said debt (which is admitted) all grantees would be liable for complainant's deficiency, the primary liability being on the Rauschs and if Supinski were called on to satisfy the debt, he could by such decree be given recourse against the Rauschs.
It may simplify consideration of some of the defenses interposed here if we assume for the moment, that the Rauschs are alive and are defendants to this suit.
2. It is contended that complainant has failed to show that the defendant Supinski by the deed to him, assumed payment of the mortgage debt; that if he did not and therefore was under no liability to complainant, the Rauschs as assuming grantees of Supinski are not liable to complainant. Eakin v. Shultz,61 N.J. Eq. 156; Feitlinger v. Heller, supra; Usbe Building andLoan Association v. Ocean Pier Realty Co., 112 N.J. Eq. 580;Garfinkel v. Vinik, 115 N.J. Eq. 42.
It is stipulated that Daetz and wife entered into a written contract with Supinski to sell him the mortgaged premises for $14,500 which Supinski thereby agreed to pay, in part, by assuming the obligation of the $8,000 mortgage in question and that thereafter a deed was accepted by him "subject to a mortgage in the sum of $8,000, now a lien on said property." There is no further evidence on the subject of his assumption other than the testimony of Mr. Schwartz, solicitor in this cause for Supinski, wherein he said that the contract shows that Supinski was to assume the mortgage "and then it was changed." Mr. Schwartz did not represent Supinski *Page 588 
(who is a member of the bar) when the latter took title and it is apparent that Mr. Schwartz's testimony referred merely to the difference between the contract and the deed, in the words used referring to the mortgage.
The general rule that the acceptance of a deed is prima facie
full execution of a contract to convey and supersedes all prior agreements between the parties, does not apply to covenants which are collateral to the deed. It being established that the grantee of real property agreed with his grantor to assume a mortgage indebtedness as part consideration for a conveyance, such contract is independent of the deed and in no way contradictory thereto, if the conveyance is in terms subject to the mortgage.Dieckman v. Walser, 114 N.J. Eq. 382. Supinski's contract for purchase of the property establishes prima facie an agreement by him with his grantors to assume payment of the mortgage and the burden to show that the grantors intended to and did by their deed, release Supinski from his contract of assumption, is on the defendants. There is no evidence by which that burden can be said to have been sustained, the recital in the deed not being sufficient for the purpose. I conclude on the evidence that Supinski agreed to and did assume payment of the mortgage debt and thereby became liable to his grantors and to complainant to discharge it.
3. About seven months after this suit was instituted, the solicitor for complainant and the solicitor for Supinski entered into a stipulation that this action be discontinued as against Supinski, which stipulation was filed with the clerk the day prior to the hearing of the cause and an order was entered dismissing the bill as to said defendant. It is argued that such order operates as a release and discharge of Supinski's liability for a deficiency and that, if he is under no liability to complainant, the Rauschs are discharged from their promise of assumption because their liability is dependent on Supinski being liable to complainant. Except for the effect of the discontinuance, there is no evidence that complainant released Supinski as an assuming grantee. Supinski, as a witness testified that he paid no consideration for the discontinuance, received no release from his liability *Page 589 
or any promise of release. Complainant contends that dismissal of this suit as to Supinski did not release him from his obligation and has no effect on complainant's cause of action against the Rauschs, because Supinski was not a necessary party to a deficiency suit against the Rauschs and that complainant could have proceeded against the Rauschs alone as the last assuming grantees (Howell v. Baker, supra); that the situation as to the Rauschs is now as though Supinski had never been a party to the cause.
If discontinuance of this suit against Supinski operates as a discharge of his liability as an assuming grantee, then the Rauschs' obligation to indemnify Supinski against his liability to complainant is at an end and complainant is not entitled to the benefit of that obligation. Wise v. Fuller, 29 N.J. Eq. 257; Eakin v. Shultz, supra; Feitlinger v. Heller, supra;Shafto v. O'Brien, 118 N.J. Eq. 431.
 R.S. 2:65-2 provides that action on a mortgage bond for a deficiency shall be commenced within three months from the date of confirmation of the foreclosure sale. If the statute applies to suit against a grantee who has assumed payment of a mortgage bond, complainant has lost his right to hold Supinski in any future suit on his assumption, because a year has elapsed since confirmation of sale. The court of errors and appeals put aside decision on this question in a suit for deficiency against an assuming grantee (Wootton v. Pollock, 119 N.J. Eq. 128) and also in a similar suit against a guarantor of a mortgage bond (Equitable Beneficial Association v. Cutler,119 N.J. Law 28). It is my belief that the statute applies to a suit of this nature by an obligee against an assuming grantee. The foreclosure sale exhausted the land security pledged for payment of the bond and complainant's claim is for the balance due on his bond. He sought by this suit to be subrogated to rights under collateral undertakings created for the benefit of the obligor on the bond — namely the agreements of Supinski and the Rauschs to pay the balance of the debt evidenced by the bond, by which agreements Supinski and the Rauschs substituted themselves for the obligor and became principal debtors for payment of the bond. It seems to me that the purpose of the statute is to *Page 590 
bar proceedings by an obligee against any one liable on the bond, if proceedings to collect on the bond are not instituted within the statutory time. It would be a forced construction of the statute to say that its purpose is merely to bar a suit against an obligor on his bond if suit were not commenced within three months yet leave the surety for the obligor liable on his assuming covenant for the identical balance claimed to be due on the bond, for a period of sixteen years. I conclude that complainant having discontinued his suit against Supinski, is barred by a statute in the nature of a statute of limitations, from again suing Supinski and therefore Supinski is relieved of liability on his assumption agreement. The Rauschs' agreement with Supinski was to protect him from liability to complainant and since that liability no longer exists the Rauschs' agreement is not enforceable by complainant.
4. We come now to the fact that Herman Rausch and Minnie his wife are dead and that Minnie Rausch was the survivor. Complainant seeks to charge her devisees and the executors of Minnie Rausch, under the Heirs and Devisees act (R.S. 3:25-67,et seq.), with the liability of their mother as an assuming grantee, to the extent of the lands (or the value thereof) which the devisees received under their mother's will and it is urged on behalf of the devisees that such liability is enforceable only at law. Because I have decided that no liability now exists on the Rauschs' assumption agreement, it is not necessary to decide and I do not decide the further questions presented, but having given some consideration to them, I give the parties the benefit of such consideration.
It seems to be settled (notwithstanding R.S. 2:26-3.6) that Supinski's liability on his assumption agreement was enforceable by complainant only in this court (Mount v. Van Ness, 33 N.J. Eq. 262; Holland Reform School Society v. DeLazier, supra), and that rule of procedure would have been applicable to Minnie Rausch, had she been alive. I think that after the death of Minnie Rausch, her liability was properly sought to be enforced against her devisees and Supinski in a single suit brought in this court, not only to determine their liability to complainant but also their liability to each *Page 591 
other, to avoid circuity of actions. Feitlinger v. Heller,supra. All the cases (save one) cited by defendant devisees for the proposition that suits to enforce liability under the Heirs and Devisees act must be brought at law, are cases in which the ancestor was directly liable on the legal obligation sought to be enforced. The excepted case is Acton v. Shultz, 69 N.J. Eq. 6,
wherein Shultz who by deed to him for the mortgaged premises assumed payment of a bond secured by a mortgage, had died and it was sought to charge his representatives with the amount of the bond. It does not appear that the complainant's claim there was for a deficiency after foreclosure, but that the claim was made directly on the bond. The court there held that the relief sought was obtainable at law and that no ground had been shown for resorting to a court of equity.
If the cases cited by defendant devisees and especially the case of Acton v. Shultz, support the proposition urged by them, it seems strange that the point was not referred to by our court of errors and appeals in Wootton v. Pollock, 119 N.J. Eq. 128,
which was a suit wherein the complainant sought to charge Pollock an assuming grantee, and also the executor and devisee of an obligor on a mortgage bond, with a deficiency after foreclosure. The appeal involved the question raised by the executor and devisee, whether that suit was filed within the time fixed by a statute, and I point to the fact that no suggestion was made in the opinion, or in the opinion of the court below (116 N.J. Eq. 490), that complainant's claim against the representatives of the original obligor was not cognizable in equity. In considering another phase of the same case on the same state of facts, Vice-Chancellor Sooy held that an action at law would not lie against Pollock and he stated it might well be that in view of the impossibility of determining in one suit at law the liability of the respective defendants and the extent thereof, this court is the proper tribunal to attain that end. Again there was no suggestion that complainant's right to enforce his claim against the devisees of the obligor was cognizable at law only. Wootton v. Pollock, 120 N.J. Eq. 245. In still another phase of the same case (Wootton v. Pollock, 125 N.J. Eq. 432), our court *Page 592 
of errors and appeals considering the propriety of an order entered therein, referred to its opinion reported in 119 N.J. Eq. 128,
and to the vice-chancellor's opinion reported in120 N.J. Eq. 245, and said: "This suit was brought in chancery to enforce by personal decree a deficiency ascertained in a suit for foreclosure of a mortgage. Recourse was had to a court of equity because of certain equitable features of the case." It seems to me that if all claims against heirs and devisees must under all circumstances be litigated in the law courts, one of the opinions in Wootton v. Pollock, would have adverted to that rule of legal procedure. I think the instant suit was properly brought in this court against the devisees of Minnie Rausch and that here the amount and extent of the liability of her devisees could be determined. The fact that Supinski is no longer a defendant and that the suit is now solely against the representatives of Minnie Rausch would not, in my opinion, deprive this court of jurisdiction, because complainant is not seeking to enforce a direct legal liability of Minnie Rausch, but one arising out of the application of equitable principles. Crowell v. Hospitalof St. Barnabas, 27 N.J. Eq. 650; Mount v. Van Ness, supra.
If, however, the cause is now one over which a court of law has exclusive jurisdiction, the bill should not be dismissed but the cause should be transferred to a law court to consider and determine.
5. For the executors and devisees of Minnie Rausch it is further contended that she did not have good title, or a title in fee-simple, to the lands which complainant alleges were devised to the defendant devisees, and that two of said parcels were involuntarily alienated by said devisees through foreclosure proceedings, wherein nothing was realized over the amount adjudged to be due in those causes. If complainant were entitled to a decree against the devisees it would be only a special judgment to the extent of the devise to them whatever such devise may be, and the lands alienated by foreclosure could not be said to have had any value to the devisees for which they might be held liable under R.S. 3:25-71. *Page 593 
6. If there should be a decree in favor of complainant he would not be entitled to the full amount of his deficiency. He bought in the mortgaged property for the nominal sum of $100 and he should be required to credit on account of his deficiency the fair value of the property he received as of the date of the foreclosure sale.